$$\begin{array}{cc} 90 & 19 \\ 100 & 762 \\ \hline 90 & 19 \\ 105 & 531 \end{array}$$

## Wytheville.

### HOGAN v. TYLER, RECEIVER.

#### JUNE 15th, 1893.

RAILROADS—*Crossings—Contributory Negligence.*—Where a person, after standing near a railroad crossing, attempts to cross and is run over by a train, which he might see or hear if he looks or listens, is guilty of such contributory negligence as will prevent a recovery for his death, notwithstanding negligence of defendant in failing to sound the whistle or ring the bell. *Marks* v. *Railroad,* 88 Va., 1.

Argued at Richmond.    Decided at Wytheville.

Error to judgment of corporation court of Roanoke City, rendered May 18, 1890, in an action of trespass on the case for damages for the negligent killing of plaintiff's intestate, wherein Hogan's administrator was plaintiff, and Tyler, receiver of the Shenandoah Valley Railroad Company, was defendant.    Opinion states the case.

*Penn & Cocke,* for plaintiff in error.

*Griffin & Glasgow,* for defendant in error.

HINTON, J., delivered the opinion of the court.

This was an action brought to recover damages for the killing of the plaintiff's intestate by a shifting engine upon the tracks of the Shenandoah Valley Railroad Company in the city of Roanoke.

After the evidence of the plaintiff was all in, the defendant, without introducing any evidence in its own behalf, demurred to the evidence of the plaintiff.    Whereupon the jury having

found a verdict for the plaintiff subject to the demurrer, the court, upon consideration, sustained the demurrer, and entered judgment for the defendant. The accident occurred at the intersection of a footway or crossing, made by the defendant company for the purpose of giving foot passengers access to the railroad platform, but which the public had been allowed to use, and the southern track of the defendant company. The crossing is thirty feet wide, and at its northern end there is a pair of steps which have to be descended by persons in reaching the crossing. Running across this footway are two lines of tracks, which are nine feet apart, and run east and west. Immediately preceding the accident a shifting engine with a tender attached had pushed a number of cars on the southern track some short distance (exactly how far is not shown) west of the footway, and was backing east, when, at the instant the tender reached said crossing, it struck down, ran over and killed Mrs. Hogan, the deceased.

Now, drawing all proper inferences in favor of the demurree, it may be said that it is proven that the engine was without a brake and that there was no lookout on the tender, and that in these respects the company was clearly negligent. But, admitting these things, it nevertheless as clearly appears that the deceased was grossly negligent in undertaking to cross the tracks at the time and under the circumstances she did.

She was standing, at 9 o'clock in the morning, on the steps on the north side of the track, with nothing to prevent her seeing the backing train if she had looked as she ought to have done, and with nothing to prevent her hearing if she had listened as she also ought to have done. And yet, as the evidence undoubtedly proves, she did neither. Whether, then, she was alarmed, as the plaintiff contends, by the appearance of a car standing on the northern track within ten feet of her, or was, as one of the witnesses testifies, in a hurry and anxious to cross, in either event she did exactly what it was culpable negligence in her to do—i. e., threw herself directly in the

path of a moving train, and must, therefore, be regarded as the author of her own destruction. In this view the language of Mr. Justice Field, in *Railroad Company* v. *Houston*, 95 U. S. R., 702, is as applicable to this case as to that. "If," said he, " *   *   *   the failure of the engineer to sound the whistle or to ring the bell, *   *   *   did not relieve the deceased from the necessity of taking ordinary precautions for her safety, negligence of the company's employees in these particulars was no excuse for negligence on her part. She was bound to listen and to look, before attempting to cross the railroad track, in order to avoid an approaching train, and not to walk carelessly into a place of possible danger. Had she used her senses she could not have failed both to hear and to see the train which was coming. If she omitted to use them, and walked thoughtlessly on the track, she was guilty of culpable negligence, and so far contributed to her injuries as to deprive her of any right to complain of others. If, using them, she saw the train coming, and yet undertook to cross the track, instead of waiting for the train to pass, and was injured, the consequences of her mistake and temerity cannot be cast upon the defendant. No railroad company can be held for a failure of experiments of that kind." It is perfectly manifest that nothing that was done or omitted to be done by the defendant in this case placed the deceased in any jeopardy from which she was suddenly called upon to extricate herself, but that her death was occasioned in a legal sense by her rash conduct in rushing headlessly before a moving train.

The case is therefore clearly controlled by the case of *Marks* v. *Petersburg Railroad Co.*, 88 Va., 1, where the rule with regard to the duty of passengers at crossings with its exceptions is fully stated, and many of the authorities are referred to.

The result is that the action of the hustings court of Roanoke must be affirmed.

JUDGMENT AFFIRMED.