AYERS' ADM'R

*v.*

NORFOLK & W. R. Co.

*(Supreme Court of Appeals of Virginia, July 1, 1897.)*

[27 S. E. Rep. 582.]

**Accident at Railway Crossing—Contributory Negligence of Plaintiff—Case at Bar.**

A person, at 8 p. m., going north, without previously looking at the gateman, while on or near a well-lighted track, south of a freight train moving west, was struck by a passenger train backing to the east: *held*, that he was guilty of contributory negligence for not looking before he attempted to cross the track, and there could be no recovery of damages, though the railroad company was guilty of negligence.

Error to corporation court of Roanoke.

Action by R. W. Ayers' administrator against the Norfolk & Western Railroad Company. From a judgment for defendant, plaintiff brings error. Affirmed.

*Hardaway & Payne* and *S. E. Jones*, for plaintiff in error.

*Watts, Robertson & Robertson*, for defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error brought his action to recover damages from the defendant company for negligently running one of its engines over his intestate, and thereby causing his death.

The case was heard by the court upon a demurrer to the evidence, and a judgment rendered in favor of the defendant, and to that judgment this writ of error was awarded.

A jury would have been warranted in finding—indeed, the evidence clearly shows—that the defendant was guilty of negligence in the management of its engine when the injury complained of was inflicted.    Unless the plaintiff's intestate was guilty of contributory negligence, he was entitled to recover.

It appears that, about 8 o'clock on the evening of the accident, the deceased was walking north on the sidewalk of Jefferson street, in the city of Roanoke.    When he reached a point near where the street and the railroad tracks intersect, he stopped. At that time a freight train, consisting of an engine and some 20 or 25 cars, was moving slowly across the street to the west. Before that train had cleared the street, he either stepped upon the track south of and next to the one upon which the freight train was running, or he approached so near to it that a passenger engine, without cars, which was backing to the east on that track, struck him, and inflicted the injuries from which he died.    Across this street, which was much traveled, the defendant had erected gates upon either side of its tracks.    These gates were lowered when trains were passing, and raised when the way was clear.    They only extended across the street, and not across the pavement on either side of the street.    They were down when the deceased first reached the crossing.    It is contended by the plaintiff in error that before the deceased had started to cross the tracks, or had reached the point where he was injured, the gates were being raised, and he was thus invited to proceed on his journey.

The evidence does not sustain this contention.    One of the plaintiff's witnesses, who did not see the deceased when he was injured, proves that, when he heard him halloo or cry with pain, he looked around, and the gates were then halfway up.    At this time, however, the freight train and engine had each cleared the street, as is clearly shown by the uncontradicted testimony of Shettuck, a witness for the defendant, who proves that the gates remained down until both the freight train and the engine had passed over the street.    There is no evidence tending to

show that the deceased was looking in the direction of the gates when or immediately before he was injured. If he had been looking towards the gates on the side of the street where he was, he would have seen the passenger engine approaching, for the gates were between him and the engine. The freight train was between him and the gates on the other side of the railroad tracks. There is no evidence whatever that the deceased saw the gates, or was misled by the gateman, when he started to cross the track, even if they were then being raised, which the evidence shows was not the fact.

It is clear from the uncontradicted evidence in the case that the deceased started to cross the railroad track before the freight train had passed, and that he reached the point where he was injured without looking in the direction from which the engine came that did the injury. The evidence is also clear and conclusive and uncontradicted that the crossing was lit up by electric lights, and that he could have seen the engine without difficulty if he had looked in the direction from which it was coming.

It is the settled law of this state, and generally, that, before a person attempts to cross a railroad track, he must look and listen, except in cases of a peculiar nature, where there are facts excusing the performance of that duty; and, if he fails to do this, he cannot recover, although the railroad company is guilty of negligence, unless after it discovered his peril, or ought to have discovered it by the exercise of ordinary care, it might have averted the injury. Lacey's Case (Va.) 26 S. E. 834; Johnson's Case, 91 Va. 171, 21 S. E. 238; Hogan v. Tyler, 90 Va. 19, 17 S. E. 723; Marks' Case, 88 Va. 1, 13 S. E. 299; 3 Elliott, R. R. § 1166.

There is nothing in this case to take it out of the general rule. The judgment complained of must be affirmed.