## Wytheville.

SOUTHERN RAILWAY COMPANY *v.* HANSBROUGH'S ADMINIS-
TRATRIX.

June 14, 1906.

1. RAILROADS—*Negligence at Crossing—How Charged—Excessive Speed—
Failure to Give Warnings.*—In an action against a railroad com-
pany to recover damages for an injury inflicted by a collision at a
public crossing in a city, a declaration is not sufficient which simply
alleges that defendant's employees carelessly, negligently, and un-
skilfully, with great rapidity and with great force and violence, ran
one of its engines upon and against the plaintiff, thereby inflicting
the injury complained of. It does not point out in what manner
the defendant was negligent, nor what duty was owing from the de-
fendant to the plaintiff, the breach of which was the cause of the
alleged injury. Nor is a count in such declaration sufficient which,
in addition to such allegations, but without alleging the violation
of any ordinance or statute, further charges that it was the duty of
the defendant to run its engine at five miles an hour and to ring its
bell, but that in fact the engine was run at forty miles an hour and
the bell was not ringing. Such allegations do not show such a
state of facts and circumstances as would constitute the existence
of any duty on the part of the defendant. A count, however, is suf-
ficient which sets forth a city ordinance fixing a maximum rate of
speed and requiring the bell to be rung, and which alleges the vio-
lation of such ordinance as the proximate cause of the injury com-
plained of. Here the court can say, upon demurrer, if the facts
stated are proved, the plaintiff is entitled to recover.

Error to a judgment of the Circuit Court of the city of
Alexandria, in an action of trespass on the case. Judgment
for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*C. C. Carlin,* for the plaintiff in error.

*Norton & Boothe,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of the city of Alexandria for damages for the death of defendant in error's intestate, alleged to have been caused by the negligence of the plaintiff in error.

There was a demurrer to the declaration as a whole, and to each count thereof, which was overruled, and this ruling of the trial court is assigned as error.

The first count of the declaration, after setting out that the defendant was the owner and operator of a certain line of railroad, by means of locomotive steam engines, cars and trains within the municipal corporation of the city of Alexandria, and in connection with its railroad and work, on the day named, was operating its railroad in and upon a certain public street and highway in said city, known as Henry street, and extending along and upon said public street and highway from and beyond the northern terminus of said city and through the said city along Henry street, southwardly, intersecting and crossing divers public streets and highways in said city, amongst them Madison street, then and there a public highway for persons with horses, carriages and vehicles, to travel and pass along, upon and over the same; and while the defendant was using the said street for the operation of its railroad trains, the plaintiff's intestate was, on the day named, driving a horse attached to a wagon filled with boxes containing glass, in which wagon the plaintiff's intestate was then and there seated, along

and upon Madison street towards Henry street from the west, and at and near to the intersection of the said Henry and Madison streets, at a .slow, proper and lawful rate of speed, and was about to cross Henry street to his destination; but before he could cross said Henry street a certain locomotive engine, without any train attached thereto, moving towards and upon said Madison street, at its intersection with Henry street, at a high and rapid rate of speed (giving the number of the engine and the name of the engineer in charge thereof), was run and propelled by the defendant, its agent and employee aforesaid, carelessly, negligently and unskilfully, with great rapidity, and with great force and violence, upon and against the said plaintiff's intestate, and upon and against the said horse and wagon, killing the said horse and wrecking and destroying the wagon, and with great force and violence struck the said plaintiff's intestate, and so grievously wounded him that the said plaintiff's intestate immediately died therefrom," etc.

It appears, therefore, that this count does not specify in what way the defendant was negligent. It merely charges that it was running its engine at a high rate of speed, carelessly, negligently and unskilfully, but it does not point out in what manner the defendant was negligent or careless, nor in what manner its engine was unskilfully run; nor does it allege violation of any ordinance or aver any obstruction to the view of persons crossing its railroad at the place named, which made it necessary and proper for the defendant not to run its engines and trains at that point at a high rate of speed. There are circumstances and surroundings which would make the running of an engine or train at a particular point at a high rate of speed negligence, but this count of the declaration does not show such a state of facts and circumstances as constitutes the existence of any duty on the part of the defendant, but

uses simply, in addition to the charge that the defendant ran its locomotive engine at a high and rapid rate of speed, the general expression that the engine was "carelessly, negligently and unskilfully run and propelled with great rapidity, and with great force and violence upon the plaintiff's intestate." This we think is wholly insufficient to point out in what manner the defendant was negligent, and fails to show what duty was owing from the defendant to the party injured, which, it is claimed, had been neglected, and the neglect of which caused the plaintiff's intestate's injury. *Hortenstine* v. *Va.-Car. Ry. Co.,* 102 Va. 914, 47 S. E. 996. It was, therefore, error to overrule the demurrer to this count.

The second and third counts are the same as the first, except that the second, without alleging the violation of any ordinance or statute, alleges that it was the duty of the defendant to run at five miles an hour, and that it, in fact, was running at forty miles an hour; and the third count, without alleging that any ordinance or statute required the ringing of the bell on the engine in question, charges that the bell was not ringing. The allegation that it was the duty of the defendant to run its engine at five miles an hour and that it was run at forty miles an hour, and that it was not ringing its bell, without alleging the violation of some ordinance or statute making it the duty of defendant to run its engine in question at five miles an hour and requiring the ringing of the bell on the engine, does not show such a state of facts or circumstances as would constitute the existence of any duty on the part of the defendant. The mere fact that a train was run at an unlawful rate of speed and was not ringing the bell does not obscure the vision, and the only duty that the owner and operator of a train would owe to a person upon its track, or crossing its track, would be to use all means in its power to prevent injuring him, after observing that he was not going to get off the

track over which he was crossing.   There is no allegation in either the second or third count charging the defendant with any failure to exercise caution to prevent injuring the plaintiff's intestate after seeing him, nor is there any allegation that the defendant's engineman, at any time, saw the plaintiff's intestate until the actual moment of the collision; therefore, we do not think that either of these counts sufficiently charges a duty owing by the defendant to the plaintiff's intestate, the neglect of which caused the injury complained of, and the demurrer thereto should have been sustained.   *Washington, &c., Ry. Co.* v. *Lacy,* 94 Va. 475, 26 S. E. 834; *Southern Ry. Co.* v. *Cooper,* 98 Va. 306, 36 S. E. 388; *Humphrey* v. *Valley R. Co.,* 100 Va. 762, 42 S. E. 882; *Southern Ry. Co.* v. *Bruce,* 97 Va. 92, 33 S. E. 548; *N. & W. Ry. Co.* v. *Wilson,* 90 Va. 263, 18 S. E. 35; *Hogan's Admr.* v. *Tyler,* 90 Va. 19, 17 S. E. 723; *Marks* v. *P. R. Co.,* 88 Va. 1, 13 S. E. 299; *Seaboard, &c., Ry. Co.* v. *Joyner,* 92 Va. 354, 23 S. E. 773; *Wood's Case,* 99 Va. 156, 37 S. E. 846; *Hortenstine* v. *Va.-Car. Ry. Co., supra.*

The fourth count repeats the averments of the three preceding counts, and sets out in full the ordinance in force in the city of Alexandria, making it unlawful for an engine, cars, etc., to be drawn, run or propelled at a greater rate of speed than five miles per hour, and requiring every locomotive run within the city to be furnished with a bell of not less than thirty pounds in weight, that should be rung during the time the locomotive is in motion, within the limits of the city, and charges the violation of this ordinance as the proximate cause of the injury to plaintiff's intestate.   Here the declaration sets out facts and circumstances sufficient to inform the defendant of the existence of the duty which it is claimed was neglected, and which neglect caused the injury complained of; in other words, this count of the declaration states sufficient

facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover, and measures up to the rule recently laid down by this court in *Hortenstine* v. *Va.-Car. Ry. Co., supra.* See, also, *Ry. Co.* v. *Cooper, supra;* Sherman & Red. on Neg., sec. 467. There was no error, therefore, in the ruling of the trial court on the demurrer as to the fourth count in the declaration.

For the error, however, in overruling the demurrer to the first, second and third counts, the judgment complained of must be reversed and annulled, and the cause will be remanded to the court below to be further proceeded with, in accordance with the views herein expressed.

*Reversed.*