## Richmond.

### ROBERTS V. ALEX. & F. RAILROAD CO.

#### MAY 12th, 1887.

1. NEGLIGENT INJURIES—*Evidence—Exclusion.*—It is error for the court to exclude plaintiff's material and relevant evidence, though it considers no case of negligence made out, unless defendant admits the truth of the propositions sought to be established by that evidence.
2. IDEM—*Railroads—Crossings—Signals—Case at bar.*—It is negligence to run an unscheduled train at an extraordinary speed across a public highway without signaling its approach by bell and whistle, as in the case at bar.

Error to judgment of circuit court of city of Alexandria, rendered March 16th, 1886, in the action of trespass on the case of Roberts against Alexandria & Fredericksburg Railroad Company. The judgment being adverse to plaintiff, a writ of error and *supersedeas* was awarded him. Opinion states the case.

*S. F. Beach* and *J. M. Johnson*, for the plaintiff in error.

*F. L. Smith*, for the defendant in error.

LACY, J., delivered the opinion of the court.

This action is, under chapter 145 of the Code, for the killing of the decedent of the plaintiff in error. The plaintiff offered evidence showing the killing, the cause and manner of it, etc.; whereupon the defendant's counsel

moved the court to exclude from the jury all the evidence of the plaintiff up to that point, to which the plaintiff objected, but the court sustained the motion of the defendant company and excluded the evidence of the plaintiff, whereupon there was a verdict and judgment for the defendant; and the plaintiff, having duly excepted, brought the case here for review by writ of error. And this action of the court is assigned as error.

The evidence was that the decedent was killed by the railroad train of the defendant company. That he was killed at a public crossing while driving along in the usual way in his carriage, going to his dwelling, which was close by; the said crossing being situated on his farm; that no regular train was due at that point at or about that time. That the train was an irregular train, composed of an engine and tender and one car,—an officer's car. That, being thus irregular, and running on no established schedule as to time, it was speeding over the track at a most extraordinary rate,—fifty or sixty miles an hour by estimate,—twice as fast as any regular train usually ran. Flying along at this rate, it observed no precautions at or near this crossing,—neither whistled nor rung the bell, as was customary—but whistled, when three-quarters of a mile off, at another whistle-post in a cut; and, although there was a whistle-post for Roberts' crossing (the place of the accident), the train ran by it without a signal. That the carriage in which the deceased was riding was broken into small pieces, both horses killed outright, as was the deceased, and the train ran on for two hundred and fifty or three hundred yards before it was stopped. This evidence was excluded from the consideration of the jury, not because it was incompetent or irrelevant, for it was obviously and unquestionably neither.

The ground upon which the court probably proceeded was that the facts were undisputed, and that the question of neg-

ligence was thus a question of law to be decided by the court, and the court intended to decide, not that the evidence was inadmissible, but that, being admitted, no case of negligence was made against the defendant company, and that without that the plaintiff could have no recovery; that is, the court treated the motion of the defendant company as in the nature of a demurrer to the evidence.

Even if the court so regarded the motion, we think the court erred in sustaining it, for two reasons:

*First.* We think the defendant was not entitled to have competent and relevant testimony excluded, even though the court should consider that no case of negligence had been made out, unless and until it had admitted the truth of the facts sought to be established by it, because, where the facts are disputed, the question of negligence is a mixed question of law and fact, and in such case the jury must find the facts, and the court must instruct them as to the rule of law which they are to apply to the facts as they may find them. When the evidence has been offered by one side, and not admitted to be true in fact by the other side, the facts are disputed, and the law is as stated above. When, therefore, the court undertook to exclude all the evidence on one side upon the motion of the other side, it undertook and did conclude all questions of law and fact. This, we think, was erroneous. If, however, the fact had been admitted, then there would have been no issue of fact to try, and the question would have been one of law. This is the first ground.

The *second* is that even if the facts were to be regarded as admitted by the motion to exclude, then we are of opinion that the court erred in deciding, as a question of law, that there was no negligence established by the admitted facts. The negligence appears to have been gross indeed. An *unexpected* train, running at an *unexpected* time, at an unprecedented rate of speed, not only fails, by

the inevitable logic of its structure, to make the usual rumbling noise made by ordinary trains, it being one car only, but it muzzles its whistle and muffles its bell, and rushed negligently—at least unheralded—stealthily upon and killed the plaintiff's decedent, who was where he. had a right to be—upon a public highway, in the pursuit of his ordinary avocation. No train had a right to cross this public highway without signaling its approach to warn the persons who might be traveling there. Far less, then, did this special train have the right to cross this thoroughfare at this unusual rate of speed without slackening its speed, and blowing the whistle or ringing its bell; and no ordinary precaution on the part of the plaintiff's decedent would probably have prevented the accident.

We think the judgment appealed from is wholly erroneous, and the same will be reversed and annulled, and the case remanded for a new trial to be had. therein, where, if the same facts are offered in evidence, they must be considered by the jury, and not excluded by the court.

JUDGMENT REVERSED.