## 𝕽ichmond.

### BIRCKHEAD V. CHESAPEAKE & OHIO RAILWAY CO.

#### MARCH 17, 1898.

#### Absent, Cardwell, J.

1. COMMON LAW PLEADING—*Demurrer to Declaration—Demurrer Sustained—Effect of Amending.*—Filing an amended declaration after a demurrer has been sustained to the original declaration is a waiver of objection to the court's action upon the demurrer. Nor is the result affected by a statement, in the order of the court permitting the amendment, that the plaintiff asks the leave without waiving his objection to the action of the court on the demurrer. The ruling of the court on the demurrer could only have been tested by a writ of error to the judgment sustaining the demurrer.

2. RAILROADS—*Personal Injuries—Sufficiency of Declaration.*—In an action against a railroad company to recover damages for a personal injury alleged to have been inflicted on its track, through the negligent management of its engines and cars, it is sufficient to set forth the cause of action in the declaration in general terms, and aver that the injury was inflicted by the wrongful act, neglect, and default of the company. It is not necessary to set out the particulars of the defendant's misconduct.

Error to a judgment of the Circuit Court of Culpeper county, rendered March 19, 1896, in an action of trespass on the case wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*D. Harmon* and *J. L. Jeffries*, for the plaintiff in error.

*W. H. Payne, Eppa Hunton, Jr.,* and *G. D. Gray,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff brought an action of trespass on the case against the defendant to recover damages for injuries to his person alleged to have been caused by the negligence of the defendant in the running of one of its trains.

The original declaration contained three counts. The defendant demurred to it, and to each count thereof. The court sustained the demurrer to the second and third counts, and overruled it as to the first. Thereupon the plaintiff, by leave of court, filed an amended declaration. To it, and to each count thereof, the defendant demurred. The demurrer was sustained, and final judgment rendered in favor of the defendant.

To this judgment this writ of error was awarded.

The plaintiff, by filing an amended declaration in lieu of his original declaration, must be treated as having waived all objection to the court's action upon the demurrer to it, and to have been content to stand upon his amended declaration. If he desired to test the correctness of the court's action upon the original declaration, and to obtain the benefit of it as originally framed, he should have allowed the demurrer to the second and third counts to be sustained, and those counts held for nought, instead of filing an amended declaration, as he elected to do. *Hopkins* v. *Richardson,* 9 Gratt. 485, 487; *Darracott* v. *C. & O. Rwy. Co.,* 83 Va. 288, 290; *Harris* v. *N. & W. R. Co.,* 88 Va. 560.

The recital in the order of the court, when the plaintiff made the motion for leave to file his amended declaration, that he did so without waiving his objection to the action of the court upon the demurrer to the original declaration, does not affect the question. The legal consequence of his act was to waive the objection, whatever may have been his intention. 6 Am. & Eng. Enc. Pl. & Pr., 359, 360.

The amended declaration contained three counts. The first alleged that the defendant "was a common carrier of passengers and freight, and in and about its said business, it was then using and occupying a certain line of railroad, known as the Virginia Midland Railroad, running from the city of Alexandria, Virginia, to the town of Orange, Virginia, and through the county of Culpeper. And the defendant also owned and used, in and about its business, certain locomotive engines and cars; and also employed, in and about its said business, many engineers, conductors, brakemen and other servants. And the plaintiff avers that the said line of railroad was, on the day and year aforesaid, being used and operated by F. W. Huidekoper, Reuben Foster, and Samuel Spencer, receivers of the Richmond & Danville Company, as common carriers of freight and passengers over and along the aforesaid railroad. And the plaintiff was, on the day and year aforesaid, in the county aforesaid, on a certain train, which was then and there being used by the said receivers in and about their business, and the said train on which the plaintiff was, as aforesaid, was, then and there, on the above described railroad track, in the county aforesaid. And it became, and was, the duty of the defendant to exercise due and reasonable care and caution in running its trains, so that one of its trains, with its steam locomotive attached, should not be run or driven upon and against the plaintiff, or upon and against the aforesaid train, on which the plaintiff was, as aforesaid, so as to injure and hurt the plaintiff. Yet the defendant, not regarding its duty in this behalf, so carelessly and negligently conducted itself, that heretofore, to-wit: On the day and year aforesaid, in the county aforesaid, one of the trains of the said defendant was, by the said defendant, carelessly and negligently driven and propelled upon and against the said train on which the said plaintiff was, and upon and against the plaintiff, by means whereof, the plaintiff was wounded, bruised, hurt and injured, and crippled, so that from thence, hitherto, by reason of the premises, the plaintiff has been, and still is, and will, during the course of his natural

life, continue to be maimed, hurt, and crippled, and rendered unable to perform manual labor."

The second count makes substantially the same allegations, with the addition that before the collision the defendant had notice that the train on which the plaintiff was, was standing on the track; that there was danger of a collision therewith; and that the defendant, after it had obtained that knowledge, could, by the exercise of ordinary care and diligence, have avoided striking the train, upon which the plaintiff was, and injuring him.

The third count omits the averment contained in the first and second counts that the line of railroad was being jointly used by the receivers of the Richmond and Danville railroad, and the defendant. After stating where the line was located, it avers that "the plaintiff was upon the aforesaid line of railway, and it became, and was, the duty of the defendant to use due and reasonable care and caution in running its said trains, so that one of its trains, with a steam locomotive attached, should not be carelessly and negligently run and propelled upon and against the plaintiff. Yet the defendant, not regarding its duty in this behalf, did not use due and reasonable care in running its trains, as aforesaid, but, on the contrary, so carelessly and negligently conducted itself, that one of its trains, to-wit: a passenger train, was, by the defendant, carelessly and negligently, wantonly, and wilfully, run, driven, and propelled upon and against the plaintiff, by means whereof the plaintiff was greatly hurt, bruised, wounded, and grievously, seriously and permanently injured."

The ground of the demurrer to the declaration is that neither of the counts sets forth the plaintiff's alleged cause of action with sufficient particularity.

It is true that in each count the injuries complained of and the defendant's alleged wrongful and negligent acts are not set out with as much particularity as good pleading would seem to require, and, if this mode of pleading in cases like this were an open question, we would have serious doubt about the sufficiency of either count.

The question of the sufficiency of a declaration which sets out the cause of action in general terms, where a party was injured upon the track of a railroad company by one of its trains, was raised in the case of *B. & O. R. Co.* v. *Sherman,* 30 Gratt. 602. The averments of the first count in the declaration in that case, as stated by Judge Moncure, who delivered the opinion of the court, were as follows: "In the first count, it is charged that the defendant, on the 3d day of September, 1874, on the track of a certain railroad running through the corporate limits of the town of Edinburg, in said county, and within the corporate limits of said town, then and before the committing of the grievances hereinafter mentioned, in the possession and use of, and operated by said company, for the purpose of running steam locomotive engines and coaches on and over the same, did carelessly and negligently, with great force and violence, run and drive its engines and coaches upon and against said Nathan G. Sherman, there then being, and thereby, then and there, with said engine and coaches did so greatly wound said Nathan G. Sherman, that, by reason thereof, he then and there died, and his death was caused by said wrongful act, neglect, and default of said railroad company, wherefore" a right of action had accrued.

Upon demurrer, that count was held to be sufficient. Since that time, now nearly twenty years, that case, upon that point, has been cited with approval, and it must now be regarded as settled law that, in actions of tort like that, it is sufficient to describe the injury generally, without setting out the defendant's misconduct with greater particularity than was done in the first count in that case. *N. & W. R. Co.* v. *Harman,* 83 Va. 553, 562; *Seaboard, &c. R. Co.* v. *Joyner,* 92 Va. 354, 357; *Jones* v. *Cotton Mills,* 82 Va. 140; *Richmond Locomotive Works* v. *Ford,* 94 Va. 627.

Testing the amended declaration in this case by that in Sherman's case, it is plain that each of the counts is sufficient. They all set out the cause of action relied on with as much, if not with more, particularity than was done in the first count of the declaration in that case.

We are of opinion that the court ought to have overruled the demurrer to the declaration, and to each count thereof.

· The plaintiff's counsel, in his note of argument, states that one of the reasons why the case was brought up in its present form was to have this court decide the question "whether the defendant was concerned as to the relations between the plaintiff and the R. & D. Receivers; or, if it be conceded that the plaintiff, an employee of the receivers, was going home on one of their freight trains, without their consent, and may be against their rules, would this fact disentitle him to recover from the defendant by whom the collision was caused, when it had knowledge that the collision was imminent, and could, by proper care, have avoided it?"   If the plaintiff desired to have those questions settled upon demurrer, he ought to have set out the facts fully in his declaration upon which he claimed the right to recover, and then the court could have properly passed upon them; but, having failed to allege in what capacity the plaintiff was upon the train of the receivers, and to state fully the circumstances under which he was injured, the court was not called upon to pass upon those questions upon demurrer; in fact, could not do so properly until the evidence was in, and it was called upon to instruct the jury upon the law of the case.

The judgment of the Circuit Court must be reversed, the demurrer to the amended declaration and each count thereof be overruled, and the cause remanded to be further proceeded in.

*Reversed.*