LOUISVILLE & WADLEY RAILROAD CO. v. HALL.

1. There was no error in refusing to direct a verdict for the defendant.
2. The charges complained of were not erroneous for any of the reasons assigned. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

Argued February 3, — Decided February 28, 1900.

Action for damages. Before Judge Littlejohn. Jefferson superior court. May term, 1899.

Phillips & Phillips, for plaintiff in error.
R. L. Gamble and James K. Hines, contra.

COBB, J.  When this case was here before (106 *Ga.* 786), it was held that the court below erred in refusing to grant the defendant a new trial, because of an omission to instruct the jury upon one of the controlling issues in the case. The second trial resulted in another verdict in favor of the plaintiff. The defendant's motion for a new trial having been overruled, the case is here again; and the assignments of error in the present bill of exceptions will now be dealt with.

1. It is contended that the court erred in refusing to direct a verdict in favor of the defendant. It is argued that when the case was here before this court practically ruled that the plaintiff was not, under the facts disclosed by the record, entitled to recover, and it is insisted that the evidence in the present record is substantially the same as that in the former record. The decision rendered was not intended to have this effect, and we do not think that upon a careful analysis of the language used it could be properly contended that it was capable of such a construction. It is true that it was therein said that the case of the plaintiff was weak and unsatisfactory, and that we refrained from saying that the plaintiff ought to recover at all; but the case was remanded to the court below with the distinct instruction that it should be tried again under the principles announced in the opinion rendered in the case. . The question to be now determined is whether, under the evidence disclosed by the present record, the judge was right in refusing to direct a verdict for the defendant. We think he was. The case presented is simply this: The mules of the plaintiff were proved to have been killed by the running of the defendant's train. This raised the presumption of negligence, and it was incumbent upon the defendant to overcome the same by showing that its agents and servants had exercised all ordinary and reasonable care and diligence to prevent injury to the mules. It was shown by the testimony of the engineer that he started the train from the station in a proper way, that his engine and headlight and everything about it were in good working order, that he was running at the usual and proper rate of speed, that after he had discovered the presence of the mules upon the track it was impossible to have stopped the train before the collision, and that

it was impossible for him to have sooner discovered their presence upon the track. If this were all the evidence, it would probably be proper to hold that the defendant had overcome the presumption which the law raised against it. But it also appeared that the track from the depot to the stock-gap where the mules were killed was down grade, that it would be impossible for the engineer to stop the train between the depot and the stock-gap unless he knew before he left the depot that it would be necessary to do so, and started his engine so as to have it under control all the time until the stock-gap was reached. This appears from the testimony of a former engineer of the defendant. It further appeared from the testimony of several witnesses for the plaintiff, that the engineer, conductor, and other employees upon the train manifested impatience about being delayed, that they were all in a hurry to leave the station, and that the engineer started his train from the station at a rapid rate of speed. There was further evidence from which the jury might have inferred that the engineer and the conductor knew when they left the station that the mules had escaped from the car and were either near to or upon the track somewhere between the station and the stock-gap. There was also evidence from which the jury could have inferred that the mules went upon the track between the depot and the stock-gap at some distance from the latter, and were frightened while on the track and began to run, running a distance of three hundred yards upon the track, from which the conclusion could be reached that, if the engineer was telling the truth in regard to the speed at which he was running, it was possible for him not only to have seen the mules before he did see them, but to have stopped his train within the distance in which he admitted to have seen them, which was about 100 yards. It is true that on the last two points the case is weak, but still it is sufficient for the jury to have based their verdict upon; and for this reason there was no error in refusing to direct a verdict in favor of the defendant; and as this is the second verdict in favor of the plaintiff, the decision of the judge, refusing to grant a second new trial, will not be interfered with, unless he has committed some error of law requiring it.

2. Complaint is made that the court erred in charging the jury as follows: "If you find from the evidence in this case that the employees of the defendant company were guilty of an act of negligence just prior to the killing of the mules, and you find that act of negligence continued until the mules were killed, and was the proximate cause of said killing, then the plaintiff would be entitled to recover." In a note to the motion for a new trial the judge says: "The court explicitly instructed the jury that whether or not the defendant company had a stock-pen at Louisville was not a circumstance tending to show any negligence on the part of the defendant company, and that the testimony admitted on the question was not to be so taken or construed by them in passing upon the case." There being, as is above shown, evidence from which the jury could find that the engineer knew that the mules were either near to or upon the track between the depot and the stock-gap, and that he started his engine from the depot at such a rate of speed that it would be impossible for him to stop the same at any point between the depot and the stock-gap, we see no error in the charge excepted to, guarded as it was by the instructions referred to in the judge's note.

Further complaint is made that the judge charged the jury, that in order to remove the presumption of negligence the company should make it appear that its agents and servants had exercised "all ordinary care and diligence," when the statute declares that they should have exercised "all ordinary and reasonable care and diligence." If there is no difference in meaning between the language of the charge above quoted and the language of the statute, of course the charge was not erroneous. If there is any difference, then the statute certainly prescribes a higher degree of diligence than the judge charged, for the obvious reason that ordinary and reasonable care embraces both ordinary care and reasonable care, while the judge instructed the jury that only ordinary care was required. This being so, the charge was more favorable to the defendant than it had any right to demand, and affords it no ground of complaint.

*Judgment affirmed.   All the Justices concurring.*