Syllabus.

## Richmond.

## NORFOLK AND WESTERN RAILWAY CO. v. WOOD.

JANUARY 24, 1901.

1. PLEADING—*Declaration—Action for Negligence—Relation of Parties.*— A declaration in an action for personal injuries is sufficient if such averments are made as to the circumstances under which the injury was inflicted as will show the existence of the duty which it is averred has been neglected by the defendant to the injury of the plaintiff. The relations of the parties need not to be otherwise averred, unless there be omitted something so essential to the action that judgment cannot be given according to law and the very right of the case.

2. PLEADING—*Declaration—Negligence—Duty to Party Injured.*—An action for negligence only lies where there has been a failure on the part of the defendant to discharge a legal duty which he owes to the plaintiff. The duty must be owing to the party injured, and the declaration must show this.

3. RAILROADS—*Licensee—Duty to.*—One who is permitted by the passive acquiescence of a railroad company to come upon its depot platform for his own purposes, in no way connected with the railroad company, is a bare licensee, who, though relieved from the responsibility of a trespasser, takes upon himself all the ordinary risks attached to the place, and the business carried on there. The company does not owe him the same duty which it owes to one who is there in the discharge of business with the company, or as a passenger, and the same presumptions will not be made as in case of passengers, or of persons lawfully upon the premises for the purpose of transacting business with the company.

4. PLEADING—*Negligence—Declaration—Licensee.*—In an action for personal injuries by a licensee plaintiff, the declaration does not state a good cause of action which does not aver that the defendant intentionally or wilfully injured the plaintiff, or that, after the defendant saw or knew of his danger, or by the use of ordinary care

might have known of his danger, the defendant could have avoided injuring him, but failed to do so.

5. RAILROADS—*Trespasser—Duty to.*—Ordinarily, the only duty a railroad company owes to a trespasser on its premises is to do him no intentional or wilful injury. It does not owe him the duty of caution and vigilance until it has such notice, or reason to believe that he may be in danger, as would necessarily put a prudent man on the alert.

Error to a judgment of the Circuit Court of Augusta county, rendered May 17, 1900, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant. Verdict for $2,000.

*Reversed.*

The opinion states the case.

*Joseph I. Doran* and *Sipe & Harris*, for the plaintiff in error.

*Patrick & Gordon*, for the defendant in error.

Buchanan, J., delivered the opinion of the court.

The declaration sets out at great length that it was the duty of the defendant company to keep its road-bed, switches and connected appliances in proper condition for running its trains; to provide and use proper and safe brakes, couplers and machinery therefor; to properly inspect the same; to employ competent servants to manage its trains, and to run them at a safe and proper rate of speed, so as to avoid injuring persons in and upon the station property and station platform at Basic City, especially the plaintiff, who was standing on the platform of the freight depot at that point in pursuit of his lawful business, and without default on his part. It then avers that the defendant failed to perform all or any of those duties, and that through its careless, negligent and improper conduct in the particulars named, one of its north-bound freight trains propelled by two engines was run against the freight depot and platform,

and against the plaintiff standing thereon, with great force and violence, inflicting the injuries complained of, which are fully set out.

The defendant's demurrer to the declaration, and to each count thereof, was overruled, and this action of the court is the first error assigned.

Two objections are urged to the declaration. One is that it is obscure, uncertain, and prolix in its averments; and the other is that it does not state a good cause of action. .

The declaration, which is a very long one, containing six counts and covering more than eighteen pages in the printed record, does not set out the plaintiff's case with that clearness and directness which is so much to be desired and commended in pleading, yet it is not subject to demurrer unless it omits something so essential to the action that judgment according to law, and the very right of the case cannot be given (Code, sec. 3272), which is the other ground of demurrer. It is insisted that the declaration fails to set forth a cause of action in this: that it does not aver the relation which existed between the defendant company and the plaintiff when injured, so that the court can see whether the defendant owed the plaintiff the duty which it is averred has been violated.

It has been held in several cases by this court that it was not necessary in cases like this to aver in terms the relation which existed between the plaintiff and the defendant at the time of the injury (though that is clearly the better practice), but that it is sufficient if such averments are made as to the circumstances under which the plaintiff was injured as will show the existence of the duty which it is averred has been neglected, and which neglect has caused the plaintiff's injury.

An action for negligence only lies where there has been a failure to discharge a legal duty. If there is no duty, there can be no negligence; and, although a defendant owed a duty to other persons, yet if he did not owe it to the plaintiff, his action

will not lie.   The duty must be due to the party injured, and the declaration must show this.   1 Sh. & Red. on Neg., sec. 8; Cooley on Torts (2d ed.), 791-2; Bish. on Non-Contract Law, sec. 446; 2 Jaggard on Torts, 826; *Balto & Ohio R. Co.* v. *Whittington,* 30 Gratt. 805, 810; 1 Ch. Pl., 270, 397.

The declaration does not aver in terms the relation which existed between the plaintiff and the defendant at the time of the injury, but it does aver that the plaintiff was on the platform of the defendant's freight depot, " in and about the pursuit of the plaintiff's lawful business, without any default on the part of the plaintiff."   This general allegation is sufficient to show that the plaintiff was not on the platform as a trespasser, but it does not show that he was there with any greater rights than those of a mere licensee.   *Mathews* v. *Bensel,* 51 N. J. L. 30. Being there as a mere licensee, the defendant did not owe him the duty of maintaining its road-bed, switches, and connected appliances in proper condition for running its trains;   or of providing and using proper and safe trucks, couplings, and machinery on its cars; or of properly inspecting the same; or of employing competent servants to manage its trains, or to run them at a safe and proper rate of speed.   The general rule being that a bare licensee, that is one who is permitted by the passive acquiescence of the railroad company to come upon its depot platform for his own purposes in no way connected with the railroad, is only relieved from the responsibility of being a trespasser, and takes upon himself all the ordinary risks attached to the place and the business carried on there.   2 Sh. & Red. on Neg., sec. 705; *Nichol's Adm'r* v. *W. O., &c. R. Co.,* 83 Va. 102, and cases cited; *Gillis* v. *Penn. R. R. Co.,* 59 Penn. St. 129; *Holland, &c.* v. *Sparks,* 92 Ga. 753.

This being so, it would seem that the declaration does not state a good cause of action against the defendant company (*Hownsell* v. *Smyth,* 7 C. B. [N. S.] 729; *Mathews* v. *Bensel, supra*), since it does not aver that it intentionally or wilfully

injured him, or that, after it saw or knew of his danger, or by the exercise of ordinary care could have known of his danger, it could have avoided injuring him. But if the declaration were held to be sufficient, the judgment would have to be reversed on other grounds.

The evidence does not tend to show that the plaintiff was a passenger or had the rights of a passenger, or was one of its employees, or that he was invited by the defendant, or enticed by the character of the place, to go upon the defendant's premises, or that he was there for any purpose for which the platform was constructed.

If he was not technically a trespasser, he was at most, under the evidence, a bare licensee, and whether there in the one relation or in the other, the defendant was not required to exercise that degree of care for his safety which the learned Circuit Court, by its instructions, seems to have thought necessary.

Ordinarily, the only duty a railroad company owes to a trespasser on its premises is to do him no intentional or wilful injury. It does not owe him the duty of caution and vigilance until it has such notice, or such reason to believe that he may be in danger, as would necessarily put a prudent man on the alert. *Joyner's Case*, 92 Va. 352; *Tucker's Case*, 92 Va. 549; *Dunnaway's Case*, 93 Va. 29; *Blankenship's Case*, 94 Va. 449.

Its duty to a mere licensee has already been stated.

The court, in giving most of the instructions asked for by the plaintiff, seems to have overlooked these well settled rules of law.

By its first instruction given for the plaintiff, it told the jury, among other things, that the defendant company was bound to use reasonable care and precaution to keep and maintain its roadbed, railroad track and switches in good condition and sufficient repair to render them reasonably safe for persons in and about the same, in the discharge of their business with the railroad company, or without default on the part of such persons, although there is no evidence tending to prove that the plaintiff

was on the depot platform in the discharge of any business with the defendant. It also, in effect, informed the jury, notwithstanding the well settled rule to the contrary, that the defendant owed the same degree of care to the plaintiff on its platform, whether he was there as a mere licensee or in the discharge of business with the defendant.

The second instruction given for the plaintiff is equally objectionable. It is as follows:

" The court instructs the jury, that where an injury occurs to a person, upon the property of a railroad company, without default on the part of said person, which said injury is caused either by a defect in said railroad, or in the machinery or appliances for the safe and proper running of its trains of cars, then there is a *prima facie* presumption of negligence on the part of the railroad company, which requires very strong evidence to rebut.

" If, therefore, the jury shall believe from the evidence that the plaintiff was upon the company's property, without default, and that while there he was injured either through a defect in the roadway of said company, or in the machinery and appliances for the safe and proper running of its trains of cars, then the presumption is that the defendant company is guilty of negligence, and, unless such presumption is overcome by very strong evidence to the contrary, the jury is directed to find a verdict for the plaintiff."

This instruction requires the same high degree of care on the part of the railroad company to avoid injury to a bare licensee as it owes to a passenger, and makes the same presumption against it where such a licensee is injured on its platform as it does where a passenger is injured on one of its trains, and requires a higher degree of proof to rebut that presumption than is required in the case of injury to a passenger. 2 Shr. & Red.

on Neg., secs. 516, 517 (5th ed.); *B. & O. R. Co.* v. *Wightman,* 29 Gratt. 431.

By Instruction No. 8, given for the plaintiff, the jury were told that if they believed that the defendant had failed continuously and positively to properly inspect its track and switches at Basic City, or the brakes, couplings, wheels and other appliances upon the train of cars which inflicted the injury upon the plaintiff, then the defendant was guilty of negligence, and the jury must find for the plaintiff, although the company's failure to inspect may not have been the cause, much less the proximate cause, of his injury, and although the evidence tended to prove that he was upon the platform under circumstances which showed that the defendant did not owe him the duty of inspecting its tracks, switches and appliances named.

Enough has been said in discussing the demurrer to the declaration and the objections to instructions numbered 1, 2 and 8 given for the plaintiff, without considering the other errors assigned, to show that the case was submitted to the jury upon an entirely erroneous view of the duties which the defendant company owed to the plaintiff upon the case made, and that a new trial will have to be awarded.

The judgment will be reversed, the verdict set aside, and the cause remanded to the Circuit Court, with leave to the plaintiff to amend his declaration, and for further proceedings to be had in accordance with law, and not in conflict with the views expressed in this opinion so far as they are applicable to the changed state of the pleadings and proofs.

*Reversed.*