# Wytheville.

## Hortenstein, Admr. v. Virginia-Carolina Railway Co.

### June 23, 1904.

1. PLEADING—*Declaration—Tort Actions—What Must be Alleged.*—The object of a declaration is to apprise the adverse party of the ground of complaint, and in actions of tort the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff is entitled to recover. A statement of a cause of action in general terms, and general averments of negligence of the defendant which fall short of this are not sufficient. *Balto. & O. R. Co.* v. *Sherman*, 30 Gratt. disapproved.

2. PLEADING—*Tort Actions—Declarations—Allegation of Duty and Breach.*—In an action of tort founded on the negligence of the defendant, the declaration must allege what duty was owing by the defendant to the plaintiff, the failure to discharge which caused the injury complained of, and its breach, or make such averments of facts as will show the existence of the duty and its breach. These averments must be made directly and positively and not merely by way of recital.

3. RAILROADS—*Trespassers and Licensees—Safe Appliances—Change of Schedule—Speed—Signal Whistles.*—A railroad company does not owe to trespassers or to bare licensees the duty of providing reasonably safe appliances, and such a party cannot complain though the appliances be ever so unsafe. Nor does it owe them the duty of giving notice of a change of schedule of its trains, or their rate of speed, nor of sounding crossing signals.

4. PLEADING—*Exception in Statute—Sunday Trains.*—Where the ground of liability charged is that an injury was inflicted by a train run on Sunday, the declaration is bad on demurrer if it does not aver that the train was not one of those permitted by law to be run on Sunday, as the statute contains several exceptions.

5. TORTS—*Violation of Statute—Proximate Cause—Sunday Trains—Code, Section 2900.*—A party suing for an injury arising from an

act of a defendant, in violation of a statute, claiming damages, and not merely the penalty prescribed by the act, must allege and prove the same facts as if the statute had not been enacted. Section 2900 of the Code was merely intended to preserve existing causes of action, and to prevent a defendant from setting up the payment of a statutory penalty in bar thereof.

Error to a judgment of the Circuit Court of Washington county, in an action of trespass on the case, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*John W. Neal* and *L. P. Summers,* for the plaintiff in error.

*White & Penn,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

This action was brought in the Circuit Court of the county of Washington by the administrator of W. P. Richards, deceased, against the Virginia-Carolina Railway Company, to recover damages for the death of plaintiff's intestate, caused, as alleged, by the negligence of the defendant company. The declaration contains seven counts, and the defendant company demurred to it and to each count thereof, which demurrers were sustained, and a final judgment rendered in favor of the defendant company. To this judgment this writ of error was awarded.

Substantially, the allegation of the first count in the declaration is, that the defendant company was possessed of certain engines and cars, used and employed in carrying passengers and freight along the line of its railway in Washington county, Virginia, and that, on the 10th day of November, 1901, the de-

fendant company conducted itself so negligently and unskilfully in the operation of its said business as to inflict upon the plaintiff's intestate severe bodily injuries, by reason whereof he died. It is insisted that this count measures up to the requirements of a declaration in such actions, as laid down in *B. & O. R. R. Co.* v. *Sherman's Admr.*, 30 Gratt. 602, and approved in *N. & W. R. R. Co.* v. *Harman's Admr.*, 83 Va. 553, 8 S. E. 251; *Seaboard, &c. R. R. Co.* v. *Joyner's Admr.*, 92 Va. 354, 23 S. E. 773, and *Birckhead* v. *C. & O. Ry. Co.*, 95 Va. 648, 29 S. E. 678, since by these authorities it is sufficient to set forth the cause of action in general terms, and aver that the injury was inflicted by the wrongful act, neglect, and default of the defendant.

In *B. & O. R. R. Co.* v. *Whittington's Admr.*, 30 Gratt. 805, the same judges who decided the case of *B. & O. R. R. Co.* v. *Sherman's Admr.* evinced an apprehension that they had gone further in that case than in principle they should have gone. The only material difference between the declarations in the two cases is that in the last named the *place* where the alleged negligent act was committed is designated, while in the first named it is not; and the first count in the declaration in the case at bar is in form and substance the second count in the declaration in the Whittington case, where, in the opinion by Staples, J., sustaining a demurrer to that count, it is said: "Now whether the plaintiff's intestate was at the time a passenger on the train, and received his injuries as such, or whether he was an employee of the company, and was injured while engaged in its service, or whether he was a stranger crossing the track of the company's road, or whether he was on the track at all, or in the cars, or at the station, or in what manner he was injured, the declaration does not inform us. It was impossible for the defendants to learn from this declaration the grounds upon which plaintiff was proceeding. The declaration amounted to an averment simply that the plaintiff's intestate was injured by the negligence of the defendants in the operation of their business in using and em-

ploying their engines on their railway." And then, after stat-
ing the object of a declaration, which is too well understood to
be repeated here, the learned judge continues: "It is very true
that in actions for torts it is frequently sufficient to describe the
injury generally, without setting out the particulars of the de-
fendants' misconduct. In such cases great latitude of state-
ment is allowed. But this rule does not justify a general and
indefinite mode of declaring, admitting of almost any proof.
. . . The learned counsel for the plaintiff insists that if
greater particularity is required in stating the cause of action,
the plaintiff is liable to be defeated on the trial by a variance be-
tween the allegations and the proofs. A declaration can, how-
ever, subserve no good purpose unless it be sufficiently specific
to inform the adverse party of the ground of complaint. If it
is deficient in that particular, it may as well be dispensed with
altogether. The plaintiff is presumed to have some knowledge
of the facts upon which his action is founded. If he is in doubt
as to the precise nature of the evidence, he may frame his decla-
ration with different counts, varying his statements to meet every
possible phase of the testimony."

The language just quoted applies with all of its force to the
first count of the declaration here under consideration, and is
inapplicable to the declaration in the Sherman case only in one
particular, viz.: the fact that the declaration in the last-named
case states that Sherman, the person injured, was *on the track*
of the defendant at the time of his injury, while the first count
in the declaration at bar utterly fails to designate where plain-
tiff's intestate was when he received the alleged injuries from
which he died, and in this failure, at least, to designate the place,
it is different from the declaration in the *Sherman case,* and
conforms to that in the *Whittington case.*

The second count states that on the day of the alleged acci-
dent, plaintiff's intestate was on a certain pump or hand-car,
which was then and there being used on the said railroad, with
the knowledge and consent of the defendant company, etc.

As remarked by counsel for the defendant company, in the argument here, "This may be said of every railroad company in the State, as they all have hand-cars which are being used daily on their roads. But the duties which these companies owe to persons upon these hand-cars is determined by the capacity in which they are there." In what capacity, and by what right, was plaintiff's intestate on this particular hand-car on the day of the accident? Was he there as an employee of the defendant company, engaged in its business? Or was he a stranger, who was there, assuming all the attendant risks, without the knowledge and consent of the defendant company, and to whom it owed no duty, except not wilfully or intentionally to injure him, after discovering his peril? As to these matters the declaration is silent. While the declaration states that plaintiff's intestate was upon the hand-car, it fails to state where the hand-car was at the time of the accident, or that it was on the track at that time. Stress is laid in the argument for the plaintiff, upon the averment, that the hand-car, on the day stated, was being used on the railroad with the *consent* of the defendant company, but the declaration nowhere states that plaintiff's intestate was on the hand-car with either the *knowledge* or the *consent* of the defendant company. Consent is either expressed or implied, and it is not claimed that the consent of the defendant company to the use of the hand-car was express, and if the plaintiff intended to rely upon an implied consent, it was but fair to the defendant company that the facts to be relied on to warrant an implied consent be stated in the declaration. The relation which actually existed between the plaintiff's intestate and the defendant company at the time of the alleged injury, may have been one or several, out of which different measures of duty from the defendant company would arise, and unless the duty owing, and which the defendant company failed to discharge, was a legal duty, it would not be liable for the injury. The duty must be owing to the party injured, and the declaration must

show this, otherwise it is clearly demurrable.    *N. & W. R. R. Co.* v. *Wood,* 99 Va. 156, 37 S. E. 846; *Carson Lime Co.* v. *Rutherford, ante,* p. 244, 46 S. E. Rep. 304.

In the first-named case (which was similar in many respects to the case at bar) the opinion by Buchanan, J., says: "It has been held in several cases by this court that it was not necessary in cases like this to aver in terms the relation which existed between the plaintiff and defendant at the time of the injury (though that is clearly the better practice), but that it is sufficient if such averments are made as to the circumstances under which the plaintiff was injured as will show the existence of the duty which it is averred has been neglected, and which neglect has caused plaintiff's injury." In other words, the declaration must show that, from the relation existing between the plaintiff and the defendant, a legal duty was owing from the latter to the former, the failure to discharge which caused the injury for which the action is brought, or make such averments as to the circumstances under which the plaintiff was injured as will show the existence of the duty which it is claimed has been neglected, and which neglect has caused the plaintiff's injury.

The third count in the declaration under discussion differs from the second in two particulars: (1) In the addition that on the day named, etc., plaintiff's intestate had been hurt, and placed or laid on the hand-car, and (2) in the omission to state that the hand-car was out, and being run on the defendant company's track, *with its consent.* This omission is material. The fact that the plaintiff's intestate had been hurt and placed on the hand-car cannot enlarge the responsibility sought to be laid at the door of the defendant company, unless this fact was known to the company, and it is not averred that it was so known. It might be true that the defendant company had knowledge that the hand-car was out on the day named, but at the same time it might also be true that this hand-car had been taken without the company's consent, and run out on its track

by reckless parties as a prank, or for their amusement. If the latter were shown to be the fact, these parties were trespassers pure and simple, who were not only endangering their own lives, but the lives of all parties engaged in the business of the company, in running its engines and cars, as well as passengers who may have been upon its trains, and the defendant company would have owed them only the duty it would, under the law, owe to any other trespasser upon its track. It would not have been the duty of the company to keep a constant lookout for these trespassers. If so, this lookout must have been at every foot of the progress of the train, as the company could not have anticipated that it would run upon the hand-car at one point rather than another. Under the circumstances stated, the defendant company could not be held responsible for the alleged injury to plaintiff's intestate, unless it was shown that, after it discovered his peril it could, in the exercise of ordinary care, have avoided the injury. This third count of the declaration making no such averment, it is clearly demurrable.

The negligence charged in the fourth count is that it was the duty of the defendant company to have its engines equipped with ordinary and proper appliances, so that said engines could and would be under the immediate control of the engineer, whereby the said engines should not be run upon and against plaintiff's intestate, etc.

Conceding the existence of this rule, the only statement in the count that the appliances were not safe and proper is by way of recital, and not by a positive averment. Nor is there sufficient averment that the failure to have safe and proper appliances was the cause of the accident; nor that the engineer could, with proper appliances and the use of the same, have stopped the engine in question after discovering plaintiff's intestate upon the track. Had the averments, however, been sufficient to show a failure on the part of the defendant company to discharge the alleged

duty, still the declaration would have been fatally defective, because it stated no fact which showed that the duty was owing from the defendant company to the plaintiff's intestate.   As between a railroad company and parties bearing a certain relation to it, such as passengers and employees, there exists the duty of providing reasonably safe and proper appliances.   But there exists no such duty as to trespassers, or even a bare licensee, and such a party cannot complain, though the appliances be ever so unsafe.     *N & W. R. R. Co.* v. *Wood, supra,* and authorities there cited.

In support of this count, counsel for the plaintiff cite the cases of *Richmond Ry. & Elec. Co.* v. *Gathright,* 92 Va. 627. 24 S. E. 267, 32 L. R. A. 220, 53 Am. St. 839, and *Thompson* v. *Salt L. R. T. Co.* (Utah) 67 Am. Rep. 621, 52 Pac. 92, 40 L. R. A. 172, 67 Am. St. 621, but all that need be said of these cases is that they are wholly unlike the case under consideration, since the accident in each occurred on the streets of a city, where pedestrians had *equal rights* with the railroad companies.   The principles which govern that class of cases have been very fully and clearly set out in the opinion of this court by Buchanan, J., in *Bass' Admr.* v. *N. Ry., &c. Co.,* 100 Va. 1, 40 S. E. 100.

The fifth count of the declaration under consideration proceeds upon the idea that it was the duty of the defendant company not to run its engines at such an unusual rate of speed, or at a time different from the schedule of any train running in the same direction, and passing the point at which the alleged accident happened, or if so run, it was the duty of the defendant company to have given notice of the change of running said engine, so that it should not be run upon plaintiff's intestate, &c.

When commenting upon such regulations as are referred to in this fifth count, Moncure, P., in *B. & O. Ry. Co.* v. *Sherman's Admr., supra,* says:   "They are adopted for the conven-

ience and safety of the defendant and those who travel upon the road as passengers in the cars of the defendant, or those who cross the road at a place where they have a legal right to cross, and not for those who may choose to walk upon the road for their own convenience or pleasure." To the same effect is *N. & W. Ry. Co.* v. *Wood, supra.*

In support of the fifth count several cases are cited, and we will review them, as far as we deem it necessary, in the order cited. As to the first (*B. & O. R. Co.* v. *Whittington*) it need only be said that the party injured was an employee of the defendant company. In the second (*Roberts* v. *A. & F. R. Co.*, 83 Va. 314, 2 S. E. 518), the party injured was a traveler upon the highway, just about to cross the railroad track at a highway crossing, and the court rightly held it to be "negligence to run an unscheduled train at an extraordinary speed across a public highway without signaling its approach by bell and whistle." The principles laid down in that case, as well as in the case just before mentioned, are wholly inapplicable to the case at bar, where the party injured was where he had no right to be, or was, at most, a bare licensee. A wholly different rule as to the duty of the railroad company to the parties injured applied to the two cases named, from that applicable to the case at bar. The third case cited is *L. & W. R. Co.* v. *Hall* (Ga.), 35 S. E. Rep. 159. In that case the ruling was not upon the sufficiency of the declaration, but only upon the refusal of the lower court to direct a verdict in favor of the defendant and upon an instruction given. The sufficiency of the declaration seems not to have been called in question. The fourth and last case cited is *Ashworth* v. *Southern Ry. Co.* (Ga.), 43 S. E. Rep. 36. That case is clearly in accord with the decisions in this State as to the duty which a railroad company owes to a trespasser upon or about its property. True it held that the rule in such cases does not relieve the company, under all circumstances, from anticipating the presence of a trespasser upon

its property, and from taking proper precautions to prevent injury to him.    The real point decided was that the petition (declaration) set forth facts which brought the case under an exception to the general rule, and should not have been dismissed on a general demurrer.    It has no bearing whatever upon the sufficiency of the declaration in this case.

The sixth count in the declaration under discussion proceeds upon the idea that it was the duty of the defendant company to abstain from running its engine on the day of the injury to plaintiff's intestate, that day being Sunday, and that the running of its engine on that day was a violation of the statute (sec. 3801 of the Code), whereby a right of action accrued to the plaintiff to recover damages of the defendant company by reason of section 2900 of the Code.    In other words, that the defendant company is liable for the injury to plaintiff's intestate, simply because the injury was by reason of the company's engine being run on Sunday.    The declaration does not state that the day named was Sunday, but merely states that it was the duty of the defendant company to abstain from running its engine on that day, and that it was so run, &c., in violation of the laws of the Commonwealth.    Sec. 3801, prohibiting the running of the engines and trains of a railroad company on Sunday in this State, contains several exceptions, and granting that the court should take judicial notice of the fact that the 10th day of November, 1901, was Sunday, and conceding further, for the sake of argument, that the bare violation of the statute gave the plaintiff a right of action, his declaration is still bad on demurrer, as it does not state that the defendant company, in the running of its engine and train on the day named, and which inflicted the injury to plaintiff's intestate, did not come within the exceptions contained in the statute.    Sec. 2900 of the Code confers no new or enlarged right upon a party injured as a result of the violation of a statute.    A party suing for an injury arising from an act of a defendant, in violation of a statute, claim-

ing damages, and not merely the penalty prescribed in the act, would have to allege and prove the same facts, which he would have to allege and prove if the act of negligence complained of was not in violation of a statute, since the purpose of section 2900 of the Code was merely to preserve to the person injured the right to maintain his action for the injury he may have sustained by reason of the wrong-doing of another, and to prevent the wrong-doer from setting up the defence that he had paid the penalty imposed under a penal statute. *Connelly* v. *W. U. Tel. Co.,* 100 Va. 51, 40 S. E. 618, 56 L. R. A. 663, 93 Am. St. 919.

The authorities cited in support of the sixth count of plaintiff's declaration, as far as we have been able to examine them, do not sustain his contention.

The seventh count of the declaration sets out the liability of the defendant company as arising out of its failure to sound the whistle of its engine, as required by statute, before reaching the crossing, near which the alleged injury to plaintiff's intestate occurred. What was said with reference to appliances, speed of train, etc., above, applies here. The statute was not intended to protect all persons indiscriminately, but only those upon the highway, or who are lawfully at or near a crossing of a railroad in pursuit of their legitimate business, and intending to cross the railroad, and was not made for trespassers, or even licensees. *B. & O. R. R. Co.* v. *Sherman's Admr, supra; N. & W. Ry. Co.* v. *Wood, supra.* If the view contended for by counsel for the plaintiff were correct, viz.: That the duty imposed by the statute refers to all persons who, being lawfully at or in the vicinity of the crossing, may be subjected to accident and injury by the passing of engines at that place, still the declaration is fatally defective in not stating that the plaintiff's intestate was lawfully at the place of his injury, or in failing to show from facts or circumstances stated that he was lawfully there. No rule of pleading is better settled in this State than that a declaration must inform the defendant of the nature of the demand made upon him.

If it could be said that the first count in this declaration
states that plaintiff's intestate was upon the track of the de-
fendant company at the time of the accident, then, under the
facts stated in this count, and in the third, fourth, fifth, sixth
and seventh, he was unquestionably a trespasser. And if the
second count stated specifically that he had taken the hand-car,
or was upon it, with the knowledge and consent of the defend-
ant company, this would be sufficient to show, so far as that
count is concerned, that he was not upon the track as a tres-
passer, but it would not be sufficient to show that he was there
with any greater rights than a bare licensee. Whether plain-
tiff's intestate was a trespasser or a mere licensee at the time of
the accident, each count in the declaration is defective in that
it does not aver that the defendant company intentionally or
wilfully injured him, or that, after it saw or knew of his peril,
it could have avoided injuring him. *N. & W. Ry. Co.* v. *Wood,*
*supra.*

This declaration is but an illustration of the extent to which
the rule having its origin in *B. & O. R. R. Co.* v. *Sherman's*
*Admr., supra,* has led the bar of this State into relying upon
loose and insufficient pleading in actions of this nature. Though
not unmindful that that rule has been followed or reluctantly
approved by this court in the cases cited by counsel for the
plaintiff, we have pointed out that the apprehension of the judges
who sat in the case in which the rule had its origin; that the
case had gone too far was soon evinced in *B. & O. R. R. Co.* v.
*Whittington, supra.* In *N. & W. Ry. Co.* v. *Joyner's Admr.,*
*supra,* the court seemed to feel constrained to approve the rule;
but, in truth, there was no occasion to either follow or approve
it, as the opinion clearly shows that the declaration in that
case stated a good cause of action, independent of the rule. And
in *Birckhead* v. *C. & O. Ry. Co., supra,* it is apparent that the
rule was sanctioned with reluctance. Be that as it may, the
court, upon mature consideration, has reached the conclusion

that in actions for a tort the declaration must state sufficient facts to enable the court to say, upon demurrer, whether, if the facts stated are proved, the plaintiff would be entitled to recover; and, in so far as the rule originating in the case of *B. & O. R. R. Co.* v. *Sherman's Admr., supra,* impinges upon this conclusion, it is not approved, and will not be hereafter followed. This conclusion is in accordance with the established rule everywhere but in Virginia, with perhaps a few exceptions. It is imposing no hardship on a plaintiff, is but fairness to the defendant, and will, at the same time, in many instances, save valuable time to the trial courts and jurors in going through trials, often of days' duration, to reach the same conclusion.

It follows that we are of opinion that there is no error in the judgment of the Circuit Court of Washington county, complained of in this case, and, therefore, it must be affirmed.

*Affirmed.*