Syllabus.

# Wytheville.

NORFOLK AND WESTERN RAILWAY COMPANY v. STEGALL'S
ADMINISTRATRIX.

June 21, 1906.

Absent, Keith, P.

1. PLEADING—*How to Charge Negligence.*—A declaration charging a de-
fendant with a negligent injury to the plaintiff is bad on demurrer,
if it fails to show that the relations existing between the parties.
were such as to impose a duty upon the defendant, the negligent.
breach of which was the proximate cause of the injury com-
plained of.

2. DECLARATION—*Several Counts—Some Bad—Demurrer to Each Count.*
If a declaration in tort contains two or more counts, some of which
are good and others bad, and there is a demurrer to the whole decla-
ration and to each count thereof, it should be sustained as to the
bad counts, else a general verdict and judgment for the plaintiff
will, as a rule, be set aside.

3. RAILROADS—*Licensees—Duty to—Backing Over Trestle—Lookout.*—
A railroad company does not owe to a bare licensee on its tracks
any duty of prevision or preparation for his safety. He is only re-
lieved from the responsibility of being a trespasser, and takes upon
himself all the ordinary risks of the place and the business carried
on there. The company is under no obligation to place a lookout.
upon the end of cars which are being pushed over a trestle in front
of an engine, in order to provide for the safety of licensees, al-
though the trestle is constantly used by the public as a footway,.
with the knowledge and consent of the company.

4. DECLARATION—*Blending Allegations—Proximate Cause.*—A count in
a declaration which blends several allegations of duty, only one of
which imposes an obligation on the defendant, and attributes the
injury complained of to the cumulative effect of all as the proximate
cause of the injury, is bad. The averment of obligation and the

breach thereof should be stated with sufficient particularity and clearness to enable the defendant to understand the nature of the charge he is called upon to answer.

Error to a judgment of the Corporation Court of the city of Bristol, in an action on the case.   Judgment for the plaintiff.   Defendant assigns error.

*Reversed.*

The opinion states the case.

*Fulkerson, Page & Hurt,* for the plaintiff in error.

*J. S. Ashworth* and *Wm. F. Rhea,* for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

This action of trespass on the case was brought by the defendant in error to recover damages for the death of her intestate, which is attributed to the negligence of the plaintiff in error.

There was a verdict and judgment for the plaintiff in the trial court, and the defendant brings error.

The first assignment of error questions the action of the court in overruling the demurrer to the declaration.   The declaration contains two counts, and the demurrer is to the entire declaration and to each count thereof, and is accompanied by a statement in writing of the grounds of demurrer relied on.   Va. Code, 1904, sec. 3271.

The first count wholly fails to set forth the circumstances attending the death of plaintiff's intestate in such manner as to show that the relations existing between the parties were of a character to impose a duty upon the defendant, the negligent

breach of which was the proximate cause of his death; and is plainly insufficient. *N. & W. Ry. Co.* v. *Wood,* 99 Va. 156, 37 S. E. 846; *Hortenstine* v. *Va.-Car. Ry. Co.,* 102 Va. 914, 47 S. E. 996.

The recent case of *Virginia and North Carolina Wheel Co.* v. *Harris,* 103 Va. 708, 49 S. E. 991, citing a number of Virginia decisions in point, illustrates the rule that "a demurrer to a declaration as a whole raises the question whether the declaration sets out sufficient matter to sustain the action; and if there are several counts in the declaration and any of them is good, the demurrer should be overruled."

But it is also a well settled rule of pleading and practice that where there are two or more counts in a declaration, or a single count containing several breaches, some well and others ill assigned; or containing a demand of several matters, divisible in their nature, some of which are well and others ill claimed, and there is a demurrer to the whole declaration and to each count thereof, or to the several breaches assigned, the demurrer must be sustained to the faulty counts or breaches, and overruled as to such counts or parts of the declaration as are not amenable to objection. 1 Chit. Pl. (14th Am. ed.), 664; 1 Rob. Pr. (old), pp. 281-2; 2 Tuck. Com. (3d ed.), p. 261; 4 Min. Inst., Pt. 2 (3d ed.), p. 1107; 1 Bar. L. Pr. (2d ed.), p. 456-7.

In accordance with these authorities the order of the court overruling the demurrer to the first count of the declaration constitutes error for which the judgment would have to be reversed, even though the second count set out a good cause of action.

We are of opinion, however, that the second count is likewise bad. It alleges that the defendant's side-track extends over a trestle or bridge spanning a creek in the city of Bristol, which affords the only available means to pedestrians of crossing the

stream at that point, and which, with the knowledge and con-
sent of the defendant, was constantly used by the public for that
purpose; that at the time of the accident plaintiff's intestate
was upon the track of the defendant, crossing the trestle, as a
licensee, and it became the duty of the defendant to exercise
ordinary care in propelling its engine and cars over the trestle
with knowledge of its constant use by the people of the com-
munity as a passway; yet, on the occasion of the accident, with-
out regard to the rights of the public and plaintiff's intestate,
the defendant, with gross carelessness and reckless negligence,
pushed a train of cars in front of an engine, with no lookout
upon the end of the cars, at a dangerous and rapid rate of
speed, against and over the decedent, who was at the time law-
fully crossing the trestle as a licensee; that the trestle was so
situated that cars approaching from the west could only be
seen for a short distance. The count then proceeds to aver that
by the exercise of ordinary care in the management of its en-
gine and cars, and by its employees so looking out ahead of the
train, the peril of plaintiff's intestate could and ought to have
been discovered and the accident averted; nevertheless, it is
said, the defendant recklessly and carelessly, and without ordi-
nary care, propelled its cars at a rate of speed which was not
only dangerous but contrary to the ordinance of the city of
Bristol, and thereby struck plaintiff's intestate and killed him.

This count, it will be observed, does not allege that the dece-
dent was seen on the trestle by the defendant's employees in
charge of the train, nor is it distinctly averred that by the exer-
cise of ordinary care on their part *alone* he might have been
seen and his peril discovered in time to have avoided the injury;
for the allegation is predicated upon the presence of a lookout
on the end of the cars, in addition to the regular crew. In
other words, the *gravamen* of the second count is that the de-

fendant was negligently pushing its train of cars in front of the engine across the trestle, with no lookout upon the end of the cars, and at a rate of speed forbidden by the city ordinance.

The doctrine is settled by repeated decisions of this court that a railroad company does not owe the duty of prevision to a bare licensee upon its track; nor does it owe him the duty of employing competent servants to manage its trains, or to run them in a particular manner or at a particular rate of speed. "The general rule being that a bare licensee . . . is only relieved from the responsibility of being a trespasser, and takes upon himself all the ordinary risks attached to the place and the business carried on there." 2 Shear. & Red. on Neg., sec. 705; *Nichols' Admr.* v. *R. Co.,* 83 Va. 102, 5 S. E. 171, 5 Am. St. Rep. 257, and cases cited; *Gillis* v. *Penn. R. Co.,* 59 Pa. St., 129, 98 Am. Dec. 317; *Hollans, &c.,* v. *Sparks,* 92 Ga. 753, 18 S. E. 990. This being so, it would seem that the declaration does not state a good cause of action against the defendant company (*Hounsell* v. *Smyth,* 7 C. B. (N. S.) 729; *Matthew* v. *Bursel,* 51 N. J. L. 30, 16 Atl. 195) since it does not aver that it intentionally or wilfully injured him; or that after it saw or knew of his danger, or by the exercise of ordinary care could have avoided injuring him, it failed to do so. *Norfolk & Western Ry. Co.* v. *Wood, supra.*

In yet more recent cases it has been held that a railroad company does not owe a licensee the duty of blowing its whistle, ringing its bell, running its engine at any particular rate of speed, or having a light on its engine. *C. & O. Ry. Co.* v. *Rogers' Admx.,* 100 Va. 324, 41 S. E. 732; *Williamson* v. *Southern Ry. Co.,* 104 Va. 146, 51 S. E. 195, 70 L. R. A. 1007.

It is clear, therefore, from the authorities, that the defendant was not guilty of actionable negligence in pushing the train in question over its trestle, and was under no obligation

to keep a lookout on the end of its cars, or, in anticipation of decedent's presence on the trestle, to provide for his safety. It was the duty of the defendant, it is true, to observe the speed ordinance of the city of Bristol; but the alleged violation of that ordinance is commingled with the averments that the defendant was derelict in its duty to the decedent in pushing, instead of pulling, its train across the trestle, and in not stationing a lookout on the end of the cars, to the combined effect of all of which the injury complained of is ascribed as the proximate cause.

We are of opinion that a count in a declaration thus blending allegations of duty, only one of which imposes any obligation upon the defendant, and attributes the accident to the cumulative effect of all as the proximate cause, does not conform to the reasonable rule of pleading applicable to this class of cases, which requires that the duty alleged to be owing from the defendant and the acts of negligence relied on shall be stated with sufficient particularity and clearness to enable the defendant to understand the nature of the charge that he is called upon to answer.

"In an action of tort, founded on the negligence of the defendant, the declaration must allege what duty was owing by the defendant to the plaintiff, the failure to discharge which caused the injury complained of, and its breach, or make such averments of facts as will show the existence of the duty and its breach. These averments must be made directly and positively and not merely by way of recital." *Hortenstine* v. *Va.-Car. Ry. Co., supra; Southern Ry. Co.* v. *Hansbrough, ante,* p. 527, 54 S. E. 17, decided at the present term.

For these reasons the trial court ought to have sustained the demurrer to the declaration and to each count thereof.

There are several other assignments of error, but as the questions involved are not likely to arise at the next trial of the case, it is unnecessary to discuss them.

The judgment must be reversed, the verdict of the jury set aside, and the case remanded to the Corporation Court, with leave to the plaintiff, if so advised, to amend her declaration, and for further proceedings to be had therein.

*Reversed.*