## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Wendy M. Mapstone, etc., et al.

v.

Raymond A. McLaughlin

June 18, 1984

Case No (Law) La-192

By JUDGE AUSTIN E. OWEN

This matter came on May 18, 1984, for argument upon Defendant's demurrer to the Motion for Judgment, and, after considering the arguments, the matter was taken under advisement.

Ground 1 of the demurrer contends that Count I of the Motion for Judgment fails to allege a duty owed by defendant to plaintiff. Paragraph 6 of the Motion for Judgment alleges that defendant undertook to make repairs to the door and window and negligently and carelessly made these repairs, and Paragraph 7 alleges that as a proximate result of such negligence plaintiff was injured. As said in the case of *Luedtke v. Phillips*, 190 Va. 207, 212 (1949): "This distinction is everywhere recognized and courts generally hold that if the landlord, after he has delivered possession to the tenant, enters to make repairs, whether voluntarily or by agreement, he must use reasonable care in making them." This ground of demurrer is overruled.

Ground 2 of the demurrer would seem to be in the nature of a motion to strike plaintiff's claim for damages on account of hospital and doctor's bills. While, generally, an infant is not liable for her hospital and medical bills, nevertheless if she has paid such bills or if some of such expenses are incurred after she becomes

18 years of age she may be entitled to recover. This ground of demurrer is overruled.

Ground 3 of the demurrer relates to Count II of the Motion for Judgment, but constitutes a recitation of an allegation of said Count and does not state a ground of demurrer, and is therefore overruled.

Ground 4 of the demurrer falls in the same classification as Ground 3 except that it purports to interpret a City ordinance. This ground is overruled.

Ground 5 of the demurrer apparently relates to Count II of the Motion for Judgment and contends that violation of the City Ordinance does not give rise to a civil action. The Virginia case law interpreting Code Section 8.01-221 would seem to confirm that contention. "Neither these ordinances nor section 8-652 [now 8.01-221] of the Code of 1950 enlarged the common law duty of the defendants to their tenant or her invitee." *Oliver v. Cashin*, 192 Va. 540 (1951).

> It is very evident that the purpose of section 2900 was merely to preserve to an injured person the right to maintain his action for the injury he may have received by reason of the wrongdoing of another, and to prevent the wrongdoer from setting up the defense that he had paid the penalty of his wrongdoing under a penal statute. It cannot be supposed that in enacting section 2900 the legislature had the remotest idea of creating any new ground for bringing an action for damages. *Tyler v. Western Union Telegraph Co.*, 54 F. 634 (C.C.Va. 1893).

See also *Connelly v. W. U. Tel. Co.*, 100 Va. 51 (1901); *Hortenstein v. Virginia-Carolina Ry.*, 102 Va. 914 (1904); and *Ward v. Connor*, 495 F. Supp. 434 (E.D. Va. 1980). Note: Section 2900 above referred to is in virtually identical language with the first sentence of present Virginia Code Sec. 8.01-221, and Section 2900, in turn, replaced sections 2 and 3, Chapter 65, of the Code of 1873.

Count II of the Motion for Judgment alleges violation of duties mandated by the Code of the City of Virginia Beach as its sole basis for recovery. "A party suing for an injury arising from an act of a defendant in violation of a statute, claiming damages. . . would have to allege and prove the same facts, which he would have to allege

and prove if the act of negligence complained of was not in violation of a statute." *Hortenstein v. Virginia-Carolina Ry.*, 102 Va. 914, 923. Count II, then, fails to state a cause of action, and the demurrer thereto is sustained.

Anticipating a question as to what, then, is the meaning of the several Virginia decisions to the effect that a violation of a statute or ordinance is negligence per se" (see e.g. *Johnson v. J. S. Bell*, 202 Va. 274, 277 (1960)), counsel are referred to the opinion in *Butler v. Frieden*, 208 Va. 352 (1967), wherein it is noted that by virtue of the per se law in Virginia, "Virginia has adopted the requirements of a legislative enactment as the standard of conduct of a reasonable man" so that, phrased differently, "the ordinance supplies a standard for determining whether [the defendant] has exercised his duty of ordinary care."

Grounds 6, 7 and 8 of the Demurrer relate to Count III of the Motion for Judgment and allege a failure to state a cause of action and a misjoinder of causes. By virtue of Code Section 8.01-272, the demurrer based on misjoinder of claims in contract with claims in tort is without merit. The apparent basis of the contention that Count III fails to state a cause of action is that "As a general rule, a landlord does not owe a duty to protect his tenant from a criminal act by a third person" and a landlord's duty to an invitee of a tenant does not exceed his duty to the tenant. (See *Gulf Reston, Inc. v. Rogers*, 215 Va. 155 (1974)). Counsel, however, has not referred the Court to any case where the claim for damages arising from a criminal act of a third person is based upon an alleged breach of the lease provisions. Whether defendant would be liable on account of breach of contract depends upon an interpretation of the lease provisions and the factors within the contemplation of the parties at the time of the execution thereof. The demurrer as to Count III is overruled.

Grounds 9 and 10 of the Demurrer relate to Count IV of the Motion for Judgment and allege misjoinder and reallege all prior grounds. Count IV alleges no new or additional grounds for recovery, but merely sets forth the claim of the father for medical expenses and loss of services of his infant child based either upon tort or contract theories alleged in the preceding counts. The demurrer to Count IV is overruled.

Should counsel for defendant desire, he can by motion or by discovery require plaintiffs to disclose exactly what medical expenses are being claimed by each of the plaintiffs.

Should counsel for plaintiffs desire, leave will be granted to file an Amended Count II within 21 days of this date.