MARÍA PANTOJA ET AL., Plaintiffs and Appellants, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

No. 6004. Argued March 23, 1933.—Decided July 12, 1933.

*Pascasio Fajardo* for appellants. *Mariano R. Acosta Velarde* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action brought by the parents of a minor who died in consequence of being run over by a railroad car belonging to the defendant.

After the complaint was filed, the defendant filed a motion to strike out which was granted, and thereupon an amended complaint was filed which was demurred to and answered by the defendant. The case went to trial and, after hearing the evidence of the parties, the court entered a judgment in favor of the defendant. It rendered no opinion at that time but later, at the request of the plaintiffs, it filed one from which we take the following extract:

"From the evidence introduced, and from the view of the premises taken, the court deems as proved the following facts:

"That the plaintiffs are the natural parents of the minor, Virginio Serrano. That José Serrano, father of the minor, Virginio Serrano, abandoned plaintiff Mariana Pantoja and her son from the time said minor was five months old, said plaintiff and the minor having lived ever since with the witness Pablo Castro. . . . That the defendant American Railroad Company of Porto Rico is a public service corporation engaged in the operation of railroads for the transportation of passengers and freight, and maintains in the ward of Marina Septentrional, Mayagüez, a station known as 'Mayagüez Playa.' That facing said station there is a railroad yard belonging to the defendant, where there are some seven tracks. That the grounds of that railroad yard are inclosed on the west by a wall 1.7 meters high and some 344 meters long, on the east by a wall 1.4 meters high, and on the north and south by the railroad track used by the defendant in its business. That no road or footpath crosses the grounds of the Mayagüez Playa Station, or the railroad yard, as the walls on the east and west inclose them. That at the time of the accident, the minor Virginio Serrano was living with Pablo Castro in a house situated in a lot adjoining the railroad yard of the Playa

Station, and separated therefrom by the wall 1.4 meters high on the east of said railroad yard. That on February 16, 1929, the minor Virginio Serrano was grazing a goat on the railroad yard of the defendant, with his body resting against the last of three cars of the defendant, and facing in the direction of Mayagüez. That Virginio Serrano had his feet between the rails of the track where the cars were, and in his hands he held a rope to which the goat was fastened. That while the minor was in the described position, locomotive number 56, operated then and there by Ricardo Nublet, an employee of the defendant, was maneuvering to refuel, and when it entered the track where the cars stood, it collided with or pushed the first one in the direction of San Juan from Mayagüez, causing them to move, and the last car ran over the minor Virginio Serrano who suffered injuries which caused his death. That locomotive No. 56 was going at the customary rate of speed and the engineer did not see the minor Virginio Serrano until after the accident had occurred. That, because of the position and place occupied by the minor Virginio Serrano, the defendant's employees could not suspect, nor had any reason to believe, that the said minor would be in such a place.

"From the evidence introduced and the inspection made, the court has reached the conclusion that the minor Virginio Serrano was a trespasser and that the defendant's employees, in operating locomotive No. 56 had no reason whatever to anticipate that said minor would be in the place where he was run over. There is no evidence to show that the engineer of locomotive No. 56 saw the minor in the dangerous situation in which he had voluntarily placed himself before the accident. It does not appear from either the pleadings or the evidence introduced by both parties, or the view taken, that the defendant owed the said minor any duty whatsoever, except the duty not to inflict upon him any wilful injury. The evidence shows that the place where the accident occurred is not a public place, nor one where the minor Virginio Serrano had a right to be. . ."

Feeling aggrieved by that decision, the plaintiffs took an appeal to this Supreme Court. In their brief they have assigned nine errors which they argued extensively. By the first assignment they maintain that the court erred in ordering the eliminations requested by the defendant, especially in striking out the following matter from the seventh paragraph of the complaint:

"That had it not been for the accident that caused his death, he would have lived at least some forty years more, during which time he reasonably would have given his parents, the plaintiffs, $10,000 to cover their most pressing needs."

Even admitting that the plaintiffs were right, the error would be a harmless one. The question lacks merit, since we must conclude that the evidence shows that the action is not well founded.

By the assignments from the second to the eighth it is maintained that the court erred in disregarding the evidence for the plaintiffs; in not following sections 60 of the Code of Civil Procedure, 1803 and 1804 of the Civil Code, and the decisions construing the same; in failing to apply the doctrine of the "last clear chance"; in holding that there was negligence on the part of the minor; in not adjudging the defendant to pay damages; and in overruling the motion of the plaintiffs to amend the complaint in order to conform it to the evidence.

All these assignments depend upon whether the court weighed correctly or not the evidence adduced.

In our judgment, it has not been shown that the court acted with prejudice, passion, or bias, or that it committed manifest error in weighing the evidence introduced by both parties and, after it adjusted the conflict in the evidence in favor of the defendant, in reaching the conclusions set forth in its statement of the case and opinion.

The facts of this case having been established in the manner stated, the principles of law applied by the court were the correct ones.

If the accident occurred within the railroad yard of the defendant, which although adjacent to the railroad station is not a place where the public is required or invited to go, and if said place was inclosed and separated from the house where the child lived by a concrete wall more than one meter high, with no roads or footpaths crossing the said place, we

must conclude that the child was a trespasser, who as a general rule can not invoke in his favor any negligence of the defendant's employees in the operation of its trains.

We agree with the appellants that said general rule has exceptions, and we acknowledge the force of the jurisprudence invoked by them when they quoted from the opinion of the Supreme Court of Virginia in the case of *Pannill* v. *Potomac, F. & P. R. Co.,* 4 L.R.A. (N. S.) 80, 83, thus:

> "The general rule is that a landowner does not owe to a trespasser (and the same is true of a bare licensee) the duty of having his land in a safe condition for a trespasser to enter upon. The latter has ordinarily no remedy for harm happening to him from the nature of the property upon which he intrudes, and he takes upon himself the risks of the condition of the land, and to recover for an injury happening to him he must show that it was wantonly inflicted, or that the owner or occupant, being present, could have prevented the injury by the exercise of ordinary care after discovering the danger. *Norfolk & W. R. Co.* v. *Wood,* 99 Va. 156, 158, 159, 37 S. E. 846; *Hortenstein* v. *Virginia-Carolina R. Co.* 102 Va. 914, 918, 47 S. E. 996; *Williamson* v. *Southern R. Co.,* 104 Va. 146, 11 Va. L. Reg. 289, 70 L.R.A. 1007, 51 S. E. 195; Bishop, Non-Contract Law, sec. 845; Cooley, Torts, 2d ed. 791–794."

But it having been declared as proven "that locomotive No. 56 was going at the customary rate of speed and the engineer did not see the minor Virginio Serrano until after the accident had occurred and that because of the position and place occupied by the minor, the defendant's employees could not suspect, nor had any reason to believe, that the said minor would be in such a place," the present case can not be considered as an exception to the rule, and the doctrine of the "last clear chance" does not apply.

The mere fact that the victim of the accident was a minor does not preclude his being considered as a trespasser. Where a child is involved a greater care is required than in the case of an adult; the defendant must be held to a stricter accountability, and the lesser development of the child's intelligence both with regard to the commission of the trespass and to

his ability to guard himself from danger, must be taken into consideration; but even so we do not think that in the present case any liability attaches to the company. The child was 14 years old. He lived with his mother; and they both lived with the witness Castro, who testified that he had sent the minor to buy some cigarettes, the accident having taken place when he was returning with his purchase. Whether he was killed while taking a short-cut across the railroad yard in order to get home sooner, or while grazing his goat and getting too near the car that ran over him, the truth is that he was in a place where he had no right to be, and that although his death was caused by an accident which may have been due to the negligence of the defendant in not keeping in perfect condition the switch of one of the sidetracks in its railroad yard, he was not seen by the operators of the locomotive and of the switch in time to prevent the accident.

The last assignment of error was waived. The appellants asserted that the court had not delivered an opinion in the case. The appellee filed a copy of the opinion rendered at the request of the appellants themselves, and the latter, in another brief, ceased to insist upon the said assignment.

The judgment appealed from must be affirmed.