## CIRCUIT COURT OF THE CITY OF RICHMOND

Marian L. Hicks

v.

John P. Myers

April 27, 1983

Case No. LF-1562

By JUDGE WILLARD I. WALKER

This matter is before the court upon the defendant's demurrer to Count I of the motion for judgment.

My recollection is that it has been conceded that Count II was not valid and, therefore, we were not going to further discuss that count.

The issue involved in the demurrer to Count I is essentially whether or not a violation of the Virginia Residential Landlord and Tenant Act gives rise to a private cause of action for personal injury and resulting damages.

A number of states have passed some version of the Uniform Residential Landlord and Tenant Act (URLTA), including Virginia; and in all states damages of some sort are allowed for a violation of that Act. Personal injury damages, however, have specifically been addressed only by the Oregon Supreme Court in Brewer v. Irwin, 278 Or. 435, 600 P.2d 398 (1979). That court found that damages under the URLTA would include personal injury damages.

While Virginia has not had occasion to rule upon this issue, a fair reading of Virginia Code § 55-248.13, § 55-248.21, and other applicable sections of the Virginia Residential Landlord and Tenant Act persuades me that a viable cause of action, including personal injuries and resulting damages, will flow from noncompliance with that law. The Virginia Residential Landlord and Tenant Act also refers in § 55-248.13 to compliance with local building and housing codes. In that respect, on the day of the injury allegedly sustained by the plaintiff, April 18, 1979, the Code of the City of Richmond, § 19-51 read in part as follows:

Interior walls, ceilings and floors.

All interior walls, ceilings and floors shall be structurally sound and in good repair. (Ord. No. 73-294-74-2, § 1; Ord. No. 74-69-72, § 1).

Counsel have disagreed as to what meaning Virginia Code § 8.01-221 has with respect to the cause of action allegedly asserted in Count I of the motion for judgment. That Code section provides in pertinent part:

Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation . . . .

While it is true that the case law interpreting § 8.01-221 has indicated it does not create a new cause of action, certainly this section is a recognition by the General Assembly of Virginia of a public policy to allow the recovery of damages without restriction for the violation of a statute. That section in conjunction with the provisions of § 55-248.2 et seq. clearly, I think, would put Virginia in line with the Oregon court in allowing the recovery of damages for personal injury by virtue of a violation of the Virginia Residential Landlord and Tenant Act.

There is one difference worth noting between the Virginia Residential Landlord and Tenant Act and the URLTA. The URLTA provides that a tenant may recovery <u>actual</u> damages for violation of the act while the Virginia statute eliminates the word actual. The Oregon court in <u>Brewer</u> v. <u>Erwin,</u> <u>supra,</u> finds no significance in that distinction. If there is any significance in the distinction between the use of the word actual and its nonuse, it would seem to me to favor the position of the tenant in this case. Actual damages might suggest to the reader that damages for pain and suffering and other things that would normally flow in a personal injury action would be questionable. The nonuse of the word actual would seem to make the damage recovery unlimited, except by the usual principles of law that the damages must proximately flow from the violation on the part of the defendant.

Lastly, Mr. Rucker, in his most recent communication, attaches a lease and raises a question as to whether or not there was a landlord-tenant relationship between the defendant, Myers and the plaintiff, Marion L. Hicks.

Admittedly, the remedies allowed under Article 4 of the Virginia Residential Landlord and Tenant Act, § 55-248.21, would be restricted to the tenant. Without deciding the question of whether or not there could be a cause of action accrued to a nontenant for the violation by the landlord of the act, utilizing the provisions of § 8.01-221, the assertion by Mr. Rucker cannot be noticed by the court because we are dealing with a demurrer. The motion for judgment alleges that there is a lease between the defendant, Myers, and the plaintiff, Hicks. Whether or not that allegation is true will depend upon the submission of evidence at the proper time.

In conclusion, therefore, the court finds that personal injury damages one would normally recover may be recovered by a tenant against a landlord for his violation of the Virginia Residential Landlord and Tenant Act and, therefore, the demurrer to Count I of the motion for judgment is overruled.