# CIRCUIT COURT OF THE CITY OF NORFOLK

Carletta Henderson

v.

Lyman G. Vann et al.

September 25, 1997

Case No. (Law) L97-1176

BY JUDGE CHARLES E. POSTON

This case, which involves a tenant's suit, individually and as next friend, against her landlord for the lead poisoning of her infant ward, comes before this Court on Defendants' Demurrer to the Motion for Judgment. After considering the briefs and arguments submitted by counsel, this Court overrules the Demurrer as to all points.

A demurrer tests the sufficiency of the factual allegations contained in a motion for judgment to determine whether a cause of action has been stated. *Fun v. Virginia Military Institute*, 245 Va. 249, 252 (1993) (citing *Elliot v. Shore Shop, Inc.*, 238 Va. 237, 239-40 (1989)). To withstand a demurrer, a complaint need only inform the defendant of the nature of the demand made upon him and state such facts as will enable the court to say that, if the facts are proved as alleged, they establish a good cause of action. *Hortenstein v. Virginia-Carolina R. Co.*, 102 Va. 914, 925-26 (1904).

## Facts

As stated in Plaintiffs' Motion for Judgment, Carletta Henderson, Plaintiff, brought suit both individually and as the next friend of Chanell R. Roundtree,

who was born November 5, 1989. The Defendants, Lyman G. Vann and Carolyn C. Vann, are alleged to be the owners of a residential property located at 441 28th Street W, Norfolk, Virginia. Plaintiffs are alleged to have resided at the property belonging to the Vanns, during which time lead paint was present on the premises. Plaintiffs allege that the lead paint cracked, scaled, chipped, peeled, was loose, or was otherwise deteriorating during the time in question and that the paint was thereby accessible to the infant Plaintiff. The lead paint is alleged to have high levels of lead, to which the infant Plaintiff was exposed and which constituted a health hazard. The infant Plaintiff is alleged to have been diagnosed with lead poisoning on July 29, 1992. Plaintiffs allege that Defendants' conduct has resulted in the following damages: severe and permanent lead-related injuries which the infant Plaintiff will have for life; the expense of various sums of money to treat the infant Plaintiff's injuries in the past and in the future; physical and mental impairment to the infant Plaintiff; severe impairment of the infant Plaintiff's enjoyment of life; and loss of future earnings and earning capacity of the infant Plaintiff. As a result, Plaintiffs pray for judgment against Defendants for compensatory and punitive damages in the amount of $2,350,000, plus interest and costs.

### Demurrer, Paragraph One

First, Defendants allege that the Building Officials and Code Administration ("BOCA") National Property Maintenance Code, the Virginia Uniform Statewide Building Code ("VUSBC"), and the Norfolk Code do not create separate causes of action but rather provide for specific remedies. Plaintiffs summarily respond that the three codes do create separate causes of action but also argue in the alternative that violations of the three codes are encompassed within § 55-248.13(a)(1) of the Virginia Residential Landlord Tenant Act ("VRLTA").

This Court need not reach the issue of whether the codes themselves create separate causes of action. Plaintiffs have alleged enough facts to establish a good cause of action under the VRLTA and thereby to withstand the Demurrer. Virginia Code § 55-248.13(a)(1) states that "The landlord shall comply with the requirements of applicable building and housing codes materially affecting health and safety." The alleged violations of BOCA, VUSBC, and the Norfolk Code materially affect health and safety and are thereby incorporated within the VRLTA. The VRLTA, because it gives Plaintiffs a separate cause of action (see discussion *infra* at Demurrer,

Paragraph Two), allows Plaintiffs to withstand the Demurrer on this issue. The Demurrer is overruled as to Paragraph One.

### Demurrer, Paragraph Two

Second, Defendants allege that the VRLTA does not create a separate cause of action. Defendants also allege that they are exempted from the VRLTA because they do not own more than ten single-family residences subject to a rental agreement. Plaintiffs respond that the VRLTA creates a separate cause of action. They also respond that the exemption cited by Defendants does not apply to Defendants because the subject property is a multi-family property.

The VRLTA explicitly creates a separate cause of action. Code § 55-248.40 states:

> Any person adversely affected by an act or omission prohibited under this chapter may institute an action for injunction and damages against the person responsible for such act or omission in the circuit court in the county or city in which such act or omission occurred. If the court finds that the defendant was responsible for such act or omission, it shall enjoin the defendant from continuance of such practice and in its discretion award the plaintiff damages as herein provided.

Although no further support is needed, in *Hicks v. Myers*, 2 Va. Cir. 122 (1983), the Circuit Court of the City of Richmond expressly held that a' violation of the VRLTA gives rise to a separate cause of action. "In interpreting Virginia's version of the law, the *Hicks* court concluded that although the Virginia Supreme Court had not ruled on the issue, 'a fair reading of Virginia Code §§ 55-248.13, 55-248.21, and other applicable sections of [VRLTA],' supported the conclusion that 'a viable cause of action, including personal injuries and resulting damages, will flow from noncompliance with that law'." *Guy v. Tidewater Investment Properties*, 41 Va. Cir. 218 (1996) (citing *Hicks*). The Demurrer is overruled as to this issue.

Under Code § 55-248.5(A), "occupancy in single-family residences where the owner(s) are natural persons or their estates who own in their own name no more than ten single-family residences subject to a rental agreement" is not governed by the VRLTA. However, Defendants' property in the instant case does not constitute a single-family residence and should be considered a multi-family residential structure. Pursuant to Code § 55-248.4, "'Single-

family residence' means a structure, other than a multi-family residential structure, maintained and used as a single dwelling unit or any dwelling unit which has direct access to a street or thoroughfare and shares neither heating facilities, hot water equipment nor any other essential facility or service with any other dwelling unit." Plaintiffs allege that the subject property was modified from a single-family residence into multi-family occupancy prior to Plaintiffs' tenancy of the property. The statutory definition puts Defendants' property outside the exemption from the VRLTA and subject to suit under that act. Taking the facts as Plaintiffs allege them to be, the Demurrer is overruled as to this issue.

### Demurrer, Paragraph Three

Third, Defendants allege that Virginia does not recognize a cause of action based upon warranty of habitability. Plaintiffs allege that this issue has already been decided by this Court in the *Guy* case, *supra*. The VRLTA:

> departed from the settled common law principles to impose on the landlord an affirmative duty to repair and maintain the premises in a fit and habitable condition throughout the term of the lease. *See* Va. Code § [55-]248.13(a)(1-3); *see also* Friedlander, § 7-13(D)(1) at 163 (Va. Code § 55-248.13 is the landlord's warranty of habitability); *Landlord Tenant Law and Practice in Virginia* ¶ 1.203 at 8 (3d ed.) (§ 55-248.13 is "perhaps the single most important provision in the [VRLTA]" as it "departs from the settled common law principles and imposes on the landlord an affirmative duty to repair and maintain the demised premises in a fit and habitable condition ... .") Thus a warranty of habitability exists under the VRLTA.

*Guy* at 229. It should be noted, however, that the VRLTA action stated earlier is duplicative of this implied warranty of habitability claim. The Demurrer is overruled as to this issue.

### Demurrer, Paragraph Four

Fourth, Defendants allege that because BOCA, VUSBC, and the VRLTA fail to allege a cause of action against the Defendants, no cause of action exists against them for negligence *per se*. Plaintiffs respond that this Court has already ruled on this issue in *Guy*. "Virginia courts have consistently held that a violation of a building code or any other statute enacted to protect health,

safety or welfare is negligence *per se*." *Guy* at 225 (citing *MacCoy v. Colony House Builders, Inc.*, 239 Va. 64 (1990); and *VEPCO v. Savoy Constr. Co.*, 224 Va. 36 (1982)). The Demurrer is overruled as to this issue.

### Additional Issue of Notice

Finally, Defendants raised an issue of notice in their reply brief. This issue was not raised in Defendants' Demurrer, but this Court will address the issue as if it had been properly brought in the Demurrer. Defendants further allege Plaintiffs' failure to state sufficient facts on which to base any of the following claims: (1) that Defendants knew of the presence of lead paint in the residence or had been advised of it prior to the alleged exposure of the infant Plaintiff; (2) that the property had been inspected by the City of Norfolk Department of Public Health or any other entity and that the Defendants were advised of the presence of lead paint by those entities; and (3) that the common areas of the premises were not reasonably safe or that the infant Plaintiff had access to them. Plaintiffs respond that they have alleged enough facts to withstand the Demurrer, citing *Guy* as an analogous case.

In the Motion for Judgment, Plaintiffs allege that Defendants knew or should have known that lead paint was present and was deteriorating on the subject premises. Plaintiffs also allege that Defendants should have warned Plaintiffs of the danger of the lead paint and removed the lead paint from the premises and failed to do either. Plaintiffs allege that the infant Plaintiff was exposed to the deteriorating lead paint. "The purpose of a motion for judgment is only to inform the plaintiff of the claim being brought against him." *Guy* at 221 (citing *Hortenstein* at 925-26). The allegations in the Motion for Judgment are sufficient to imply, if not state directly, that the Defendants knew of the lead paint, either by inspection or notification and that the infant Plaintiff had access to all areas of the subject premises. "These implications of the plaintiff's allegations may be considered since a demurrer admits the truth of not only those facts expressly alleged but also those facts which fair intendment impliedly alleged and which may be fairly and justly inferred from the facts alleged. *See Bowman v. State Bank*, 229 Va. 534, 536 (1985)." *Id.* Defendants are sufficiently informed of the claims against them. The additional claims are overruled as if part of the Demurrer.