# CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia Thompson

v.

Springer Manor Apartments
and Ralph Johnson

September 29, 1998

Case No. LE-138-1

BY JUDGE MELVIN R. HUGHES, JR.

The question in this personal injury case raised by defendant's demurrer is whether a private right of action is assertable under the Virginia Residential Landlord Tenant Act (The Act). Va. Code § 55-248.2 *et seq*. The question goes to the viability of Count III of plaintiff's three count Motion for Judgment in a suit by a tenant against her landlord.

The Act sets up certain duties and obligations between landlord and tenant respecting residential leases provided no examptions apply. See § 55-248.5.

The Act carries provision, § 55-248.40, which plaintiff relies on as authority for a right of action. The section provides:

> Any person adversely affected by an act or omission prohibited under this chapter may institute an action for injunction and damages against the person responsible for such act or omission in the circuit court in the county or city in which such act or omission occurred. If the court finds that the defendant was responsible for such act or omission, it shall enjoin the defendant from continuance of such practice, and in its discretion award the plaintiff damages as herein provided.

In 1983 this court took the view that the Act does grant a private right of action for its violation. *See Hicks v. Myers*, 2 Va. Cir. 122 (1983). More recently, the Circuit Court of the City of Norfolk relying on *Hicks* has also so found. See *Guy v. Tidewater Investment Properties*, 41 Va. Cir. 218 (1996). Both cases

cite that the Act is a version of the Uniform Residential Landlord and Tenant Act and that other states, like Virginia, which have enacted the Act allow such actions.

In Virginia the General Assembly has enacted § 8.01-221 which in pertinent part provides:

> Any person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation ... .

"While it is true that the case law interpreting § 8.01-221 has indicated it does not create a new cause of action, certainly this section is a recognition by the General Assembly of Virginia of a public policy to allow the recovery of damages without restriction for the violation of a statute." *Hicks*, 2 Va. Cir. at 123.

For the above reasons and for those mentioned below, I am persuaded by the plaintiff's arguments in support of a right of action.

Next, defendant argues that assuming the court finds a right of action, the motion for judgment does not allege sufficient facts to state a claim, plaintiff has failed to bring this action in the proper court as prescribed by § 55-248.40, and that Count III under the Act is redundant of Count I claiming negligence. The court does not accept any of these contentions.

First, defendant urges that without alleging that she is a tenant who does not fall within one of the exemptions in § 55-248.5, plaintiff has failed to set forth a claim under the Act. For example, a condition not governed by the Act is occupancy by a tenant who pays no rent, § 55-248.40(9). Whether plaintiff falls within an exemption is a matter for later developments, either before or at trial.

Second, defendant contends that by law the place for bringing the action is in the court "in which such action or omission occurred." Given that the place where the omission occurred is Henrico, this court is without jurisdiction. A reading of the statute, § 55-248, reveals that a plaintiff "may," as opposed to "shall," bring the action where "such act or omission occurred." So, the General Assembly chose permissive as opposed to mandatory language in this regard. Also, there is nothing that excludes actions under the Act from the statutes governing venue, so § 55-248.40 must be viewed as enabling law to bring actions in the Circuit Court, if a plaintiff elects to do so.

Third, absent a duty placed on a landlord by contract, at common law, a landlord is not under a duty to maintain in a safe condition any part of the leased premises under the tenant's exclusive control. *Paytan v. Rowland*, 208

Va. 24 (1967). Under the Act, the tenant may bring an action based on an obligation it imposes for personal injury occurring in places other than common areas, as alleged here. In Count I, plaintiff relies on a common law negligence theory of recovery due to conditions "in, on, or about the property," while in Count III, the claim is under the Act. Accordingly, the distinction is made. For purposes of a demurrer, the claims are stated adequately.

For these reasons the demurrer as to Count III is overruled.